# CHARLESTON.

## HANNAH *v.* BANK.

Submitted June 18, 1902, Decided April 4, 1903.

1. JURISDICTION.

   When the form of procedure in the trial court does not require that the record or evidence show the value of the property in controversy, and it does not appear therein, affidavits may be filed in the Supreme Court to show a value giving jurisdiction. (p. 83).

2. JUSTICE—*Judgment.*

   In a trial of right of property originating in a justice's court under section 152, Code, chapter 50, on appeal to the circuit court, the verdict finds the property to be the property of the claimant, and the court overrules a motion to set aside the verdict, and gives judgment for costs, but renders no judgment touching possession of the property. No writ of error lies for want of a final judgment. (p. 84).

Error to Circuit Court, Kanawha County.

Action by Kate P. Hannah against the Charleston National Bank and others. Judgment for plaintiff, and defendant Silverman brings error.

*Dismissed.*

A. M. PRICHARD and S. S. GREENE, for plaintiff in error.

FLOURNOY, PRICE & SMITH and A. B. LITTLEPAGE, for defendant in error.

BRANNON, JUDGE:

An execution issued by a justice of Kanawha County in favor of the Charleston National Bank against Pfeifer and Silverman was levied on some chattels. Kate P. Hannah filed her petition before the justice as provided in Code ch. 50, sec. 152, claiming the chattels as hers, and denying their liability to such levy, and the parties in interest having been summoned to try the right of the property, a trial before the justice took place, and resulted in favor of the said claimant. The case was then taken to the circuit court, and a trial was there had before a jury, resulting in a verdict finding the chattels to be the property of Kate P. Hannah. The court overruled a motion to set aside the verdict, and gave judgment for costs

in favor of Kate P. Hannah. Silverman sued out a writ of error.

This case involves the question whether we must dismiss the writ of error without considering its merits, as improperly granted, because the record does not show that the value of the property exceeds $100.00, or must read an affidavit filed in this Court showing that fact, and go on to consider the merits. It seems to me that this is not a question of fixed law, but one of practice in this Court, so that we can adopt such rule as we deem proper. Our cases say that where the case is one in nature merely pecuniary the record must affirmatively show, that the matter is of greater amount of value than $100.00. *McCoy* v. *McCoy,* 33 W. Va. 60; *Aspinall* v. *Barrickman,* 29 *Id.* 508. But we can hardly say that simply from the statement that the value must appear "from the record," an affidavit is inadmissible; that was not the question in those cases; it must appear by the record as made below, if there is nothing else. A matter to be regarded in this case is, that the trial in the court below did not call for proof of value. It was not relevant to the case. Value not having been shown below, no relief by writ of error can be had, though property worth thousands of dollars is involved, unless affidavits be allowed in this Court. In *Dryden* v. *Swinburn,* 15 W. Va. p. 250, JUDGE GREEN expressed the opinion, which I think correct, that where the form of action does not require the record to disclose the value of the matter in controversy, it may be shown by affidavit in this Court, citing cases in the National Supreme Court. JUDGE ENGLISH seems to have thought an affidavit proper at the close of his opinion in the *McCoy Case* above.

It is clear from many cases that the U. S. Supreme Court has allowed affidavits or other means of sustaining the jurisdiction. *U. S.* v. *Freight Association,* 166 U. S. 290 so held. In *Richmond* v. *Milwaukee,* 21 How. 391, Chief Justice Taney said, what is applicable in our case, that in cases in which the value does not, according to the usual forms of proceeding, appear in pleadings or evidence in the record, affidavits have been received to show that the value is large enough to give jurisdiction. This is approved in *Red River Cattle Co.* v. *Needham,* 137 U. S. 632. It was held that where the case is not for money, but the nature of the suit requires value to be stated,

in pleadings, affidavits cannot be filed on appeal; nor will they be allowed where there has been evidence of value below, and the evidence certified; but where the appeal is taken without question as to value, and it is not disclosed by the record, affidavits may be received to establish the jurisdiction amount. 1 Ency. Pl. & Pr. 716. It would not open a wide door to affidavits, because if one side files, the other must be allowed counter affidavits, and complications might ensue. I would not admit them where the record does, or ought to, show value, but only in cases where it is not relevant below. I think thq passage in 2 Cyc. 558 is good law: "Necessarily, it would seem, in cases in which the pleadings or record must show the jurisdictional fact, the amount or value cannot be shown by affidavits in the appellate court."

In this case the proceeding was not under section 151, chapter 50, Code, but under section 152. If it had been under section 151, the justice or jury had to ascertain the value of the property in order to give judgment on the bond given by the claimant to take the property into possession; but the case being under section 152, there being no bond, there is no need of finding value. Hence, the affidavit is admissible to sustain jurisdiction.

The second point made against writ of error is that there is no judgment on which the writ can rest. The jury in the circuit court found that the property was the property of Kate P. Hannah, and the court overruled a motion to set aside, but gave no other judgment than the costs. Our Code, chapter 135, section 1, clause 1, allows a writ of error only on a final judgment. So does law everywhere. "A writ of error or appeal will not lie from the verdict of a jury without an entry of judgment thereon, nor from the finding of facts or conclusions of law by the court not followed by judgment. Hence, the opinion of the Court, no order being entered in accordance therewith, is not reviewable." 2 Cyc. 616. The suggestion may be made that by refusing to set the verdict aside and awarding costs, the court manifested intent to finally end the case; but that is not enough. "No order is final in such sense as to constitute final judgment, unless it disposes of the main case, so far as there is power in the court to decide upon the questions presented by the issue, no matter how clearly and decisively the order

may indicate what the ultimate judgment may be. Unitl ulti-
mate judgment the case is not finally disposed of, inasmuch as
the court may change its rulings, award a venire *de novo,* grant
a new trial." Elliott, Appel. Pro. sec. 83. "Final judgment
must show intrinsically and distinctly, and not inferentially,
that the matters in the record have been determined in favor
of one of the litigants, or that the rights of the parties have been
adjudicated." *Scott* v. *Burton,* 55 Am. D. 782, (6 Texas 322).
But an authority binding us is *Damron* v. *Ferguson,* 32 W. Va.
33, dismissing a writ of error as premature because taken on
a veridct without any judgment. JUDGE ENGLISH's holding in
that case is incorrectly criticised, and language of JUDGE GREEN,
in *Tompkins* v. *Stephens,* 10 W. Va. p. 167, is used as the weap-
on, "Whatever may be the practice in the other states, it is well
settled in this State that the Court of Appeals may review the
action of a circuit court in either granting or refusing a new
trial." JUDGE GREEN was not talking about a writ of error
based on a mere verdict. He was answering the claim that even
after judgment there could be no review of facts on a writ of
error, which is the case in some states. He surely did not mean
that a writ of eror will lie upon a verdict, or upon refusal of a
new trial in advance of judgment. It does lie for setting
aside a verdict before judgment by force only of our statute,
but not for refusal of new trial until judgment.

A verdict finds only facts—it is a report to the court on the
facts. It is only the court that can speak the law on those
facts. I do not say that a judgment must necessarily have the
*ideo consideratum est,* or any particular form or words; but
there must be some announcement of the court's direction
touching the thing litigated, to carry into execution the verdict.
It cannot be said that this is a statute proceeding, and that
takes it out of the general law. It stands in lieu of detinue.
Surely there would have to be a judgment in that action. It
is a short, simple process to recover the property from the pos-
session of the officer. Turning to the statute we find in section
152 that a judgment is required in even the justice's court, as
it requires the justice to "dismiss the claim or order the officer
to deliver the property to the claimant." This is virtually the
detinue judgment. Can we say that the circuit court is relieved
from judgment? Where is there any judgment compelling the

officer to give possession of the property? Ought he not have the court's authority? Will it be said that the judgment for costs will sustain the writ of error? Costs are a mere attendant of the main judgment, the shadow following the substance. "A judgment merely for costs, without a final disposition of the cause, is not a final judgment." 2 Cy. 593. 2 Ency. Pl. & Pr. 133; 1 Hyde's Dig. 194.

Section 153 says: "Any party considering himself aggrieved by the decision of the justice, or verdict of a jury, under either of the two preceding sections may appeal therefrom to the circuit court in like manner as from a judgment. From this it is argued that as this section allows appeal from a verdict only, the present writ of error is not open to the objection above found. The first question is whether the section really means to allow an appeal from a verdict without judgment. I do not think that such is its meaning. All courts deny to a verdict the legal effect of a judgment, and unless it is very plain that the Legislature so intended, we ought not construe a statute to contravene established procedure and every verdict is subject to a new trial by order of the court. If the contention is true, the party has choice of a new trial or appeal. If he can appeal instanter, he can deprive the justice of the right, if he has done injustice by error in the trial, of granting a new trial. The statement that he may appeal from "the decision of the justice or verdict of a jury * * in like manner as from a judgment" only means that in this special statutory trial of the right of property there shall be appeal just as in ordinary causes of action, under section 163. That is the significance of the word "judgment" in section 153. Again, the letter of section 152 does not give a jury trial. If that is its true construction, then a judgment is all the more necessary, as a verdict would be a nullity, but I think the intent was to give a jury trial in a proceeding under either section 151 or section 152, as they both provide for a trial of the same kind of controversy, and it is very unlikely that it was intended to give a jury where a bond is given and deny it where none is given. There is no reason for such a discrimination. A thing is often within the spirit though not in the letter of a statute. We must view the three sections through the same glasses. Sections 151 and 152 both say that the justice shall give judgment. Hence we cannot think

that section 153 intended to give appeal without judgment, and thus conflict with the preceding sections. By complying with these sections in requiring judgment we obey them and do not violate section 153, for still the party gets his appeal. In fact section 153 has for its only mission the grant of an appeal, not to dispense with judgment. If it had further object it was to give an appeal notwithstanding there had been a jury trial. So much for the question whether there can be an appeal to the circuit court under section 153 on a mere verdict. But this is not the real question. This question is whether a writ of error from the circuit court to this Court lies on a mere verdict. A circuit court is a court of record, proceeding according to the common law. Chapter 50 governs proceedure in justices' courts, but not in circuit courts. Certainly section 153 has no application. To say that a writ of error lies from a verdict in a circuit court we must fly in the face of all precedent authority.

Therefore we dismiss the writ of error as improvidently awarded.

*Dismissed.*