# CHARLESTON.

### HARRISON v. HARMAN et al.

#### Submitted March 23, 1915.    Decided June 1, 1915.

1. APPEAL AND ERROR—*Motion to Dismiss—Affidavits—Filing of Appeal Bond.*

    On a motion to dismiss an appeal on the ground that the appeal bond was not filed with the clerk of the circuit court within a year and two months from the date of the decree appealed from, it may be shown by affidavits filed in this court, in resistance to said motion, that bond was filed with said clerk in time and approved by him, and was subsequently lost or mislaid. (p. 415).

2. LIMITATION OF ACTIONS—*Operation of Statute—Retroactive Effect.*

    Statutes of limitations will not be given a retroactive effect unless by express terms, or by necessary implication, it clearly appears that the legislature intended that they should so operate. (p. 417).

3. REVIEW—*Proceedings—Time for Filing—Operation of Statute.*

    Sec. 5, Ch. 133, serial section 4951, Code 1913, as amended by Ch. 40, Acts 1909, does not limit the right of a person under disability, to file a bill of review, to one year after the removal of such disability, if the decree complained of was pronounced before the statute as amended took effect. In such case, a person under disability has three years after the removal thereof in which to file a bill of review. (p. 417).

(WILLIAMS, JUDGE, dissenting.)

Appeal from Circuit Court, McDowell County.

Suits by Joseph Harrison and others and by Hattie Harrison against George W. Harman and others. From the decree, plaintiffs appeal.

*Reversed in part.  Affirmed in part.  Remanded.*

*J. Powell Royall, M. O. Litz,* and *Sanders & Crockett,* for appellants.

*A. W. Reynolds, Jos. S. Clark, Anderson, Strother & Hughes,* and *S. M. B. Coulling* and *J. W. Chapman,* for appellees.

POFFENBARGER, JUDGE :

In the year 1887 D. G. Sayers, G. W. Harman and Henry Harrison conveyed to Henry Bowen nine tracts of land in McDowell county, West Virginia, known as the Burkhart lands. Bowen took and held the same for himself and others as follows: one-fourth for himself, one-fourth for J. S. Gillespie, one-fourth for A. P. Gillespie, and one-fourth for J. G. Watts. Sayers, Harman and Harrison had acquired title thereto by virtue of a proceeding instituted by the commissioner of school lands.

In 1889 William H. Burkhart and others, heirs at law of George J. Burkhart, deceased, brought a suit in the circuit court of the United States for the District of West Virginia against the school commissioner, Henry Bowen, D. G. Sayers, G. W. Harman and others to annul the school commissioner's proceedings and the deed made by him pursuant thereto. Bowen notified two of his grantors, Sayers and Harman, to defend that suit and protect his title, Harrison, the other grantor, having died before the suit was brought. They did make defense, and notwithstanding, the court decreed that the Burkhart heirs had title to the land, annulled the conveyances from the school commissioner to Sayers, Harman and Harrison and from them to Bowen. An appeal was taken to the United States Circuit Court of Appeals by Sayres and Harman, which resulted in an affirmance of the decree of the lower court.

Henry Bowen then brought an action on behalf of himself and the two Gillespies in the circuit court of Tazewell county, Virginia, against his two surviving grantors, Sayers and Harman, Harrison being dead, to recover damages for breach of their covenants of title, claiming the right to recover three-fourths of the purchase money which they had paid, together with interest thereon, and the costs and expenses incurred

by Bowen in defense of the Burkhart suit. (J. G. Watts, the other joint purchaser with Bowen, had conveyed to one G. W. Lambert his one-fourth interest before the Burkhart suit was brought, and it is in nowise involved and has no bearing on the question to be decided). Recognizing their liability, Sayers and Harman did not suffer the Bowen suit to proceed to judgment, but compromised it by executing their bond to Henry Bowen, J. S. Gillespie and A. P. Gillespie, bearing date on the 15th February, 1898, for the sum of $5,187.39. Thereupon Sayers and Harman, treating their bond as a novation and payment of the joint liability of themselves and Henry Harrison, deceased, upon the covenants in their deed of conveyance, brought a suit in equity, to November rules, 1898, in the circuit court of McDowell county against the administrator and heirs at law of said Henry Harrison, deceased, for contribution, claiming the right to recover from his estate a sum equal to one-third of the amount of the bond. By decrees rendered in that cause Harrison's estate was held liable for such sum; and the interest of certain ones of the heirs in two of several tracts of land of which Harrison died seized, situate in McDowell county, were sold to pay the same, and were purchased by said George W. Harman and later conveyed to him by a commissioner acting under order of court.

Henry Harrison resided in Tazewell county, Virginia, at the time of his death, and died intestate leaving twelve children as his heirs at law, four of whom were infants when the last mentioned suit was brought, the plaintiff and appellant in the present suit, Hattie Harrison, being the youngest, and one of the six heirs whose interest had been sold. Six of the heirs had aliened their interests in the McDowell county lands before the institution of the suit and such interests were held not liable to sale.

In July, 1905, two of the heirs, to-wit: Joseph Harrison and Belle Sayers (nee Harrison) filed a bill of review, in which they prayed to have the decrees and proceedings in that suit reviewed and annulled, and the deed which the special commissioner had made to Harman cancelled, alleging numerous grounds therefor, one of which was that the bill of Harman and Sayers showed no right in them to sue,

that it did not show that they had any right to demand payment of any sum of money from Harrison's estate and, therefore, were not his creditors, and had no right to have the lands subjected to sale. Numerous other errors in the proceedings were averred in the bill. Hattie Harrison, then an infant, was made a· party defendant to the bill of review, and on March 7, 1910, after attaining her majority, she filed her answer which, by order of court, was treated as a petition and bill of review. It contained practically the same allegations as the plaintiff's bill, and prayed for the same relief. At August rules, 1910, she also brought an independent suit, making defendants to her bill practically the same parties that were defendants to the bill of review filed by Joseph Harrison and Belle Sayers, and some additional parties against whom no relief is prayed, and prayed for the same relief as in her answer and petition. On February 24, 1911, a number of the defendants filed demurrers to the bill, assigning grounds therefor, and the court took time to consider the question arising thereon. On the 13th of September, 1912, the two causes were heard·together, and.on motion of the defendants, George W. Harman and W. F. Harman, Hattie Harrison was compelled, over her objection, to elect which one of said causes she would prosecute, and she elected to prosecute her last suit. Thereupon counsel for Joseph Harrison and Belle Sayers appeared in open court and admitted that all matters arising in their suit had been settled except those arising on the petition and cross-bill answer of Hattie Harrison; and the court dismissed that suit together with the cross-bill answer, to which action of the court she objected and excepted. The court then took further time to consider of the demurrers to her original bill, and at a subsequent term, on February 11, 1913, entered a final decree sustaining the demurrer and dismissing her suit. From those two decrees she has appealed.

A preliminary question. is presented by a motion to dismiss the appeal on the ground that it was not perfected in time by the filing of an appeal bond. Sec. 17, Ch. 135, serial sec. 4997, Code 1913, requires the appeal to be dismissed whenever it appears that one year and two months have elapsed since the date of the decree and no bond as required has been

76 W. Va.

given.  The statute is mandatory and this court is bound to dismiss for failure to file the bond in the time prescribed. *Scott* v. *Coal & Coke Ry. Co.* 70 W. Va. 777.  Resisting the motion, appellant insists that bond was filed with the clerk of the circuit court within the required time and that it was approved by him, but that it was afterwards lost or misplaced and can not be found; and tenders in this court the affidavits of the circuit clerk and other witnesses to prove these facts. The truth of these affidavits is not controverted, but counsel for appellees insist that this court is without jurisdiction to consider them; that the question is one of original jurisdiction and should first have been presented to the lower court. The clerk's office of the circuit court is made the repository for the appeal bond for the purpose of convenience.  The bond can not be filed until after the appeal has been allowed and the amount of the bond fixed by the court of appeals, or the judge granting the appeal.  Consequently, it can not be regarded as a part of the record of the cause in the court below.  Why then may this court not hear evidence to determine the disputed fact as to the filing and subsequent loss of the bond?  It was held in *Hannah* v. *Bank,* 53 W. Va. 82, that affidavits could be considered by this court to ascertain the value of property levied on, and claimed by a third party, under the provisions of Sec. 152, Ch. 50, Code, for the purpose of determining whether the value was sufficient to give jurisdiction of the appeal, the record of the lower court failing to show the value.  Upon like principle evidence to prove loss of appeal bond may be considered.  See also *Dryden* v. *Swinburn,* 15 W. Va. 250.  The appeal bond is no part of the record; it is no part of the judicial proceedings in the lower court, and is filed after final decree or judgment therein, and after the matters appealed from have passed beyond the control of the lower court.  The fact that the bond is required to be filed with, and approved by the clerk of the circuit court and a copy certified by him to the clerk of this court, does not make it any more a proceeding in the circuit court than a proceeding in this court; the law simply makes the circuit clerk the custodian of the bond and the judge, in the first instance, of the sufficiency of the security, and requires him to record it in his office.  It would be a very great hard-

ship upon an appellant to dismiss his appeal for want of a bond, after he has done all that the law requires of him by executing a sufficient bond and placing it in the hands of the circuit clerk. He might not thereafter know that his bond had been lost and no copy thereof certified to the clerk of the court of appeals until his time of appeal had expired. It would then be too late to supply proof of its loss by proceedings in the lower court, in order to prevent dismissal of his appeal. The affidavits prove that sufficient bond was filed within the required time, and we overrule appellees' motion.

A vital question raised by the demurrer to plaintiff's bill is whether the statute of limitations is a bar to her suit. Section 5, Ch. 133, serial section 4951, Code 1913, as it was formerly, gave three years from the entry of a final decree in which to file a bill of review, and contained the following exception in favor of persons under disability, viz.: "except that an infant, or insane person, or a married woman in a case not relating to her separate property, may exhibit the same within three years after the removal of his or her disability." That statute was amended and re-enacted by an act passed on the 17th of February, 1909, which took effect ninety days thereafter, so as to read as follows: "A court or judge allowing a bill of review may award a injunction to the decree to be reviewed. But no bill of review shall be allowed to a final decree, unless it be exhibited within one year after such decree, except that an infant or insane person, or a married woman in a case not relating to her separate property, may exhibit the same within one year after the removal of his or her disability. Provided, that if such decree was pronounced before this section as amended takes effect, such bill of review may be exhibited within three years after such decree."

The decree which plaintiff sought to have reviewed was made in 1901, long before the statute was amended. She became of age on the 15th of October, 1908, and filed her answer and cross-bill in the suit of Joseph Harrison and others against Sayers and Harman on the 7th March, 1910, which was within one year after the new act took effect and more than one year and less than three, after she attained

her majority. She filed her original bill in the nature of a bill of review, at August rules, 1910, which was more than a year after the new act took effect and likewise more than a year, but within three years, after she became of age.

Under no interpretation of the new statute of limitation was her answer and cross-bill filed too late, but it is strenuously insisted that her bill of review was. In order to bar it, the argument makes the statute retroactive to the extent of repeal of the saving made in the older statute in favor of persons under disability, or reduction of the period from three years to one. A statute is always presumed to have been intended to operate prospectively only, unless a contrary intention appears on its face in some way. "A cardinal rule in interpreting statutes is to construe them as prospective in operation in every instance, except where the intent that they shall act retrospectively is expressed in clear and unambiguous terms, or such intent is necessarily implied from the language of the statute, which would be inoperative otherwise than retrospectively." *State* v. *Mines,* 38 W. Va. 126; *Stewart* v. *Vandervort,* 34 W. Va. 524. About fifteen or twenty years ago, litigation predicated upon the idea of retrospective action of statutes seems to have been rife in this state. It brought forth, in a single volume of our reports, no less than four reiterations and applications of the rule just stated. *Rogers* v. *Lynch,* 44 W. Va. 94; *Casto* v. *Greer, Id.* 332; *Walker* v. *Burgeas, Id.* 399; *Burns* v. *Hayes, Id.* 503; It is general and universal in its application and does not vary with the nature of the subject matter of the statute. Both substantive and remedial rights come under its operation. It has been repeatedly applied to statutes dealing with limitations of rights of action. As will be shown the construction contended for would contravene other universally recognized rules of interpretation. No statute will be so construed as to make it unconstitutional, if such construction can be avoided. *Conley and Avis* v. *Coal & Coke Ry. Co.,* 67 W. Va. 129. Nor will a statute be so construed as to work out unjust or absurd results, unless its terms are such as preclude any other construction. *Building Association* v. *Sohn,* 54 W. Va. 101; *Dickey* v. *Smith,* 42 W. Va. 805. Of two permissible constructions of a statute, one working manifest in-

justice and the other equity and fairness, the latter is to be adopted upon the presumption that the legislature did not intend the results flowing from the former. *Hasson* v. *City of Chester*, 67 W. Va. 278.

If the construction contended for were adopted, the statute would reduce the three year saving in favor of the appellant and others situated as she was when it became effective to five months, provided she were accorded the benefit of the one year saving made in so much of it as pertains to the period of limitation, and to nothing, if she were not allowed the benefit of that saving. She was twenty-one years and four months old when the statute was passed and twenty-one years and seven months old when it took effect. She could not get in under the saving clause of the new act, if the old saving clause was repealed, because the decree was about eight years old, when the new act was passed. Not a word in the act is made expressly applicable to this valuable right which is said to have been taken away by it. Neither the saving clause of the old act nor the effect of past decrees upon persons under disability is anywhere or in any way mentioned. Search for any such terms will be made in vain. That the first clause of the limitation provision, standing alone, would be purely prospective in operation and would not take away the saving of the old act, is admitted. That the proviso wholly ignores these persons and the saving previously made for them is also admitted. In terms, it puts all past decrees on the same basis, allowing only three years from the dates of the decrees for bills of review. It just as plainly says, by way of inference or implication that no allowance for disability shall be made, in the case of past decrees, as the statute, read as a whole, says, in like manner, but not otherwise, that one year after removal of the disability shall be allowed. On this subject, nothing but inconclusive inferences pointing in opposite directions, affirming and denying, giving and taking away, can be found. That every word in the act may operate intelligently without curtailment of the saving allowed by the old statute is perfectly plain. As to future decrees, the limitation clause so operates. Not a word need be rejected. As applied to past decrees, every word of the proviso may have effect, without abatement of the

saving. The construction contended for puts in a negative by mere inference and baldly unnecessary and strained implication. Such interpretation is most emphatically and specifically condemned by the rules to which reference has been made. "Every reasonable doubt is resolved against a retroactive operation of the statute." *Stewart* v. *Vandervort,* 34 W. Va. 524, 530. "Words in a statute ought not to have a retrospective operation unless they are so clear. strong and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied." *U. S.* v. *Heth,* 3 Cranch. 413; *Chew Heong* v. *U. S.,* 112 U. S. 559. To put retroaction into a statute by implication, the language must be such that it cannot operate at all otherwise than retrospectively. *State* v. *Mines,* 38 W. Va. 126; *Casto* v. *Greer,* 44 W. Va. 332. Every word in this act can operate otherwise.

Supposing the appellant to have been twenty-one years, eleven months and twenty-nine days old, when the act took effect, and the decree to have been more than three years old, the act would have left her but one day in which to sue, a palpably unreasonable period, wherefore it would have been, as to her, manifestly unconstitutional. No court will give a statute such a construction, if any other is possible under its terms. This conclusion cannot be avoided by saying the terms mean one thing when applied to her and something else when applied to others. It either gives one year after maturity to all of the class or to none, and, in the case supposed, the court would be bound to declare it void, if it meant that.

Why should the legislature have discriminated between persons *sui juris* and persons under disability to the detriment of the latter who are universally acknowledged favorites in legislation? The construction preserves the three year saving to persons *sui juris* but not the three year saving after removal of disability, regarded and treated in the old statute as its legal equivalent. The latter is reduced to one year, if three years have elapsed since the date of the decree and less if, in addition, the disability had been removed before the act took effect. Applied here, the construction allowing only five months would be inconsistent with legislative opinion as to what period is requisite, reasonable or fair in such cases.

The old act allowed three years, the new act allows one, this construction only five months and, in cases that may have existed, nothing at all. So the construction is unreasonable, unjust and condemnatory of expressed legislative opinion and will respecting the subject matter. Hence the rules of interpretation applying the standard of justice and equity and the process, *reductio ad absurdum,* respectively, both reject it with equal clearness and emphasis.

Under its erroneous view of the statute, the court below sustained demurrers to the bill of review and dismissed it. For this error, the decree will have to be reversed. Whether the court erred in requiring the appellant to dismiss either it or her cross-bill, thus causing the dismissal of the latter, it is unnecessary to say, for the bill of review and cross-bill were identical in substance and purpose. Since all the relief she may be entitled to can be given on the bill of review, she suffers no injury by reason of the loss of her cross-bill and the question raised by the assignment of error in the dismissal of the latter has become merely academic. The other errors assigned need not be noticed. When the decree was entered, none of the defendants had answered and the merits of the case have not been developed. All we need now say is, that plaintiff's bill and exhibits present a good cause calling for a review of the final decrees complained of, and was filed in proper time.

A decree will be entered here affirming the decree of September 13, 1912, and reversing the decree of February 11, 1913, and overruling the demurrers to plaintiff's bill of review, and remanding the cause for further proceedings, with leave to defendants to answer.

*Reversed in part. Affirmed in part. Remanded.*

WILLIAMS, JUDGE, *(dissenting)*:

This decision is rendered upon a rehearing. At first I was of the opinion the statute should be construed as the majority opinion has construed it. But, after the rehearing was granted, I have made a more careful examination of the authorities than I had before, and am now convinced that such construction is wrong. In fact I think the language of the statute is too plain to admit of construction, and the only

question to be determined is, whether it can be applied to the case in hand without violating a constitutional right. I do not controvert the proposition that a statute of limitations is not to be given a retroactive operation, unless the legislative intent that it should so operate clearly appears. But when such intent does appear, whether expressed in terms or arising by necessary implication, then it is the duty of the court to give effect to it, if possible. The power of the legislature to make retroactive laws, with certain exceptions not affecting the question under discussion, is universally recognized. The opinion does not question this legislative power. That the act of February 17, 1909, shortened the period of limitation, for a bill of review, from three years to one year, in case of persons sui juris, and likewise shortened the period of saving to persons under disability to a like period, after the removal thereof, is not questioned. That it was intended to apply to past, as well as future decrees, clearly appears from the proviso which reads: ''Provided, that if such decree was pronounced before this section as amended takes effect. such bill of review may be exhibited within three years after such decree.'' The terms ''such decree'', refer to the final decree mentioned in the body of the statute and show that it was intended to embrace, and does embrace, any final decree, whether made before or after the statute was passed. But the opinion, in effect, says it is retroactive only so far as it affects the rights of persons sui juris, and the saving of three years to persons under disability, provided in the old statute, is not repealed by the new. I have not been able to find any authority in the books for such construction. There is no rule of construction which will justify the inference that, because the legislature preserved to persons sui juris the same limitation, as to past decrees, they previously had, that it thereby intended to preserve to persons under disability the same period, after the removal thereof, that they previously had. Such was not the legislative purpose, because it has expressly provided a different period of saving to such persons. The saving to them is now expressly made one year after the removal of the disability. The statute is not made retroactive in part only. Being retroactive as to persons sui juris, it is likewise retroactive as to persons under disability; and

the three years preserved, as to past decrees, applies to all classes of persons. It can not be said that, because the legislature expressly preserved the old limitation as to past decrees, it thereby meant to preserve the old limitation in the exception as to disabled persons. That is a *non sequitur*. How can the court say that it was not one of the chief purposes of the legislature, by the amendment, to shorten the period of saving which it had theretofore allowed, as to past decrees? It was not obliged to make any exception whatever in favor of persons under legal disability, and, when no such exception is made, a statute of limitations runs against them as well as others. *Jones* v. *Lemon,* 26 W. Va. 629. Nor have the courts power to read such an exception into a statute. 2 Lewis' Suth. Stat. Const., Sec. 705; 36 Cyc. 1113; and 19 A. & E. E. L. 212 and 236.

I do not find any authority for saying that the saving in the old statute is not repealed. When a statute is changed the parts that are left out are necessarily repealed. 1 Lewis' Suth. Stat. Const., Secs. 237 and 246. If the saving in the old statute is not repealed by the new, then we have two inconsistent statutes, the old allowing three years saving and the new allowing only one. A statute shortening a period of limitation repeals a former statute which gave a longer period to assert the same right. *Rodenbaugh* v. *Traction Co.,* 190 Pa. St. 358; *Spees* v. *Boggs,* 204 Pa. St. 504, 54 Atl. 346; and *Voil* v. *Gulf W. T. & P. R. R.,* 94 Tex. 457, 60 S. W. 658. That a legislature may shorten a period of limitations, provided it does not unduly cut off vested rights, can not be denied. 2 Lewis' Suth. Stat. Const., Sec. 706, and numerous cases cited in note; *Gilman* v. *Cutts,* 23 N. H. 376; *Odum* v. *Garner,* (Tex.), 25 S. W. 18; *Parker* v. *Kane,* 4 Wis. 12; and *Howell* v. *Howell,* 15 Wis. 55.

If the clear and unambiguous language of the statute is to be taken as expressing the legislative intent, the amended statute reduces both the limitation and the exception in favor of person under disability from three years to one year, as to future decrees; and, as to past decrees, provides that the limitation shall be three years as to all persons, and reduces the saving in favor of persons under disability to one year. The question is, as I see it, can the new period of limitation

be applied in this case, without unduly cutting off appellant's right of action? If it can, then it should be applied, according to all the authorities I have been able to find on the subject. If she has not had a reasonable time, since the amendment of the statute, to assert her right, then it would be unconstitutional to apply it. Its inapplicability to all cases, however, does not render the statute void. 2 Lewis' Suth. Stat. Const., Sec. 705. Her right to have the decree pronounced when she was an infant reviewed within three years after she became twenty-one years of age, was a vested property right which the legislature could not constitutionally take away from her 2 Lewis' Suth. Stat. Const., Sec. 706. It can not by shortening the period of limitation, cut off an existing right not then barred. *Rankin* v. *Schofield,* 70 Ark. 83, 66 S. W. 197; *Pinkum* v. *The City of Eau Claire,* 81 Wis. 301; *Cassady* v. *Grimmelman,* 108 Io. 695, 77 N. W. 1067; *King* v. *Belcher,* 30 S. C. 381, 9 S. E. 359; *Brigham* v. *Bigelow,* 12 Met. (Mass.), 268; *Sanford* v. *Hampden &c. Co.,* 179 Mass. 10; and *Berry* v. *Ransdall,* 4 Met. (Ky.), 292. But it is competent for the legislature to shorten periods of limitation, even as to existing causes of action, subject only to the qualification that a reasonable time be allowed for suit. 19 A. & E. E. L., 169; *Sanford* v. *Hampden &c. Co., supra;* and *Berry* v. *Ransdall, supra.* The rule is, not to hold such a statute unconstitutional because it contains no express saving of rights not then barred, but to hold it inapplicable to the particular case, unless the party complaining has had a reasonable time after its passage, in which to assert his right. 25 Cyc. 994-995; *Sanford* v. *Hampden &c. Co., supra; Parker* v. *Kane, supra,* 65 Am. Dec. 283; *Dale* v. *Frisbie,* 59 Ind. 530; *Fiske, Adm'x.* v. *Briggs,* 6 R. I. 557; *Holcombe* v. *Tracy,* 2 Minn. 241; and *Sohn* v. *Waterson,* 17 Wall. 596.

Appellant's cause of action accrued October 15, 1908. As the law then was, she had three years in which to file her bill of review. Within that time, by statute passed February 17, 1909, to take effect in ninety days, the period was reduced to one year. If time is to be computed from the passage of the act, there were eight months, less one day, but if only the time after it took effect is to be reckoned, there were only five months, less a day, until the year next succeeding her major-

ity expired. The decisions are not uniform as' to which is the proper date from which to reckon; but a majority of the courts hold that the time should be counted from the passage of the act, regarding its passage as notice to parties to be affected by it. This, I think, is the correct rule. 25 Cyc. 987-988; 19 A. & E. E. L. 170-176.

So far as I can find, the courts of but two states. North Carolina and Texas, have adopted definite rules for determining what is a reasonable time in such case. The rule in the former state is, to regard as reasonable ''the balance of the time unexpired according to the law as it stood when the amending act was passed, provided it shall never exceed the time allowed by the new statute.'' *Culbreth* v. *Downing*, 121 N. C. 205, 61 Am. St. Rep. 661. And the rule adopted in the latter state is, to allow such time, under the new statute, as the ratio of time, not elapsed under the old, bears to the whole period. For example, if a limitation of three years is reduced to one year. and at the time the new act is passed there remains but one year of the prior limitation, a reasonable time is one-third of a year; and, if only six months of it remains, then one-sixth of a year, or two months, is reasonable. *Odum* v. *Garner*, 86 Tex. 374, 25 S. W. 18. The only good feature I can see in the Texas rule is, certainty as to the time to be applied in any given case. Such rule, in some cases, might give an unreasonably short time. Indeed, its application in the case above cited, required the court to hold about one month to be a reasonable time in which to apply for a writ of error. The North Carolina rule would operate, in many cases, to give more time than is reasonably necessary. I do not think a hard and fast rule can be reasonably applied in all classes of cases; in some a shorter period would be as reasonable as a longer period in others. Says Justice Van Devanter, in *Lamb* v. *Powder River Live Stock Co.*, 132 Fed. 432, 67 L. R. A., at page 564 in the latter book, ''Each limitation must, therefore, be separately judged in the light of the circumstances surrounding the class of cases to which it applies, and, if the time is reasonable in respect of the class, it will not be adjudged unreasonable merely because it is deemed to operate harshly in some particular or exceptional instance; as where the person against whose

right the limitation runs is under some disability, out of the state, or unavoidably prevented from suing within the time prescribed."

What is a reasonable time, is primarily a legislative question; but where, as in this case, the legislature has failed to provide any time whatever, it is necessary for the court to determine whether the time remaining, after the passage of the act, is reasonable, before it can apply the new statute. This question must be determined by general principles of equity and justice, and by analogy to the limitation fixed by law in similar cases, and not by any mathematical rule. Thirty days has been held to be unreasonable, *Berry* v. *Ransdall, supra;* and six months to be reasonable, *Parker* v. *Buckner,* 67 Tex. 20, 2 S. W. 746. Sec. 7, Ch. 132, Code 1913, allows an infant six months after coming of age to show cause against a decree. Reasoning by analogy to this statute regulating the time for asserting a right similar to the one here involved, I think eight months in which appellant could have filed her bill of review was a reasonable time; and, not having done so in that time, I think she is barred.