IRMA BAKER *v.* W. F. GASKINS *et al.*

(No. 9260)

Submitted February 3, 1942. Decided February 24, 1942.

*L. W. Chapman,* for plaintiff in error.

*P. Douglass Farr,* for defendants in error.

RILEY, JUDGE:

Irma Baker instituted this action before a justice of the peace against the defendants, W. F. Gaskins, E. A. Baker and Charles E. Baker for recovery upon a promissory note. Upon plaintiff's appeal to the Circuit Court of Doddridge County the court directed a verdict in defendants' favor, and to an order rendering judgment for costs alone in defendants' favor, plaintiff obtained this writ of error.

The initial question presented by this record involves the propriety of this Court in granting the writ of error. Defendants' counsel say that the writ was improvidently awarded because there was no objection or exception to the order upon which it is based. In this regard defendants' position is well taken. To the order, plaintiff, in fact, did not object or except, and this Court is committed to the rule that a writ of error to an order of a trial court, tò which no objection or exception has been taken, should not be awarded. In *Harmon* v. *Spurlock,* 121 W. Va. 633, 5 S. E. (2d) 797, a writ of error was discharged for this reason to an order of the trial court awarding a peremptory writ of prohibition. *A fortiori* the rule is applicable to

law actions. See *Perry* v. *Horn & Carroll,* 22 W. Va. 381, pt. 3 syl.

An examination of the order of which plaintiff complains presents a question which we think this Court should consider *ex mero motu.* The order does not render judgment adjudicating the matters in difference between the parties. It simply renders judgment for costs. Such an order, under the decisions of this Court, does not have finality as a judgment and, therefore, a writ of error will not lie. Code, 58-5-1(a) provides that an appeal from, or writ of error or supersedeas to, a judgment, decree or order of the circuit court may be obtained "In civil cases where the matter in controversy, exclusive of costs, is of greater value or amount than one hundred dollars, *wherein there is a final judgment, decree or order."* (Italics supplied.) This Court had the identical statute under consideration in several decisions bearing directly upon the instant question. In *Ritchie County Bank* v. *Bee,* 60 W. Va. 386, pt. 1 syl., 55 S. E. 380, this Court held:

> "In an action before a justice on a note, on appeal to the circuit court, the jury finds 'for the defendant' and the court overrules as well a motion to set aside the verdict and award a new trial as a motion in arrest of judgment, and renders judgment alone for costs, but renders no judgment adjudicating the matters in difference between the parties litigant, a writ of error will not lie, for want of a final judgment."

To like effect see *Hannah* v. *Charleston National Bank,* 53 W. Va. 82, 44 S. E. 152; *Corley* v. *Corley, id.* W. Va. 142, *id.* S. E. 132, 47 S. E 145; and *Damron* v. *Ferguson,* 32 W. Va. 33, 9 S. E. 39. It follows that the instant order is not a final judgment upon which a writ of error may be based. The case, as it stands before us, is no different than it would be had the order complained of not been entered.

For the foregoing reasons the writ of error is discharged as having been improvidently awarded.

*Writ discharged.*