# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Sonya Porter, Sheriff of Logan County, West Virginia,**
**Respondent Below, Petitioner,**

**vs.) No. 15-1213** (Logan County 13-C-165)

**James H. Brown, III,**
**Petitioner Below, Respondent.**

**FILED**
**April 12, 2017**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

On December 17, 2015, the Petitioner, respondent below, Sonya Porter, Sheriff of Logan County, West Virginia ("Sheriff Porter"), by counsel John R. Teare, Jr., filed a Notice of Appeal with this Court from an order of judgment of the Circuit Court of Logan County, West Virginia, dated November 19, 2015, which was represented to be a "final decision on the merits as to all issues and all parties." The Respondent, petitioner below, is James H. Brown, III ("Deputy Brown"), by counsel George L. Partain, who was, at all relevant times, a Logan County deputy sheriff. The Notice of Appeal arose out of an action involving the administrative leave with pay of Deputy Brown during the course of investigation of allegations of misconduct. The order of November 19, 2015, directed the payment of attorney's fees to Deputy Brown's attorneys in connection with a mandamus action brought by Deputy Brown wherein relief was sought from actions and inactions of the Sheriff and of the Logan County Deputy Sheriffs' Civil Service Commission ("Commission").

Sheriff Porter raised four assignments of error. First, it was asserted that the circuit court erred in determining that Deputy Brown was entitled to a hearing before the Commission to challenge his placement on paid administrative leave. Second, it was claimed that the circuit court erred when it adopted the findings of the Commission in support of the award of attorney's fees. Third, Sheriff Porter asserted the circuit court erred in interfering with the lawful authority of the Sheriff, imposing requirements on the Sheriff beyond the authority of the Commission, and by apparently adopting and incorporating erroneous procedures enunciated by the Commission in its final order. Fourth, Sheriff Porter claimed there was no statutory, legal, or other basis for an award of attorney's fees in favor of Deputy Brown.

1

Subsequently, this Court issued a briefing order and set the matter for oral argument. We have considered the parties' briefs and the record on appeal. For the reasons set forth below, this Court concludes that the circuit court order of November 19, 2015, is not a final order such that the appeal was improvidently docketed and, accordingly, must be dismissed.

## Facts and Proceedings

On November 9, 2012, Logan County Sheriff W. E. Hunter[1] went to the home of Deputy Brown and informed Deputy Brown that he was suspended. Sheriff Hunter delivered a written "Notice of Internal Investigation" to Deputy Brown. The Notice provided that an internal investigation was ordered for the purpose of investigating "various allegations of misconduct made against you." It indicated that because the investigation was in the early stages, a complete description of the potential violations was not possible. The Notice indicated that in the event the investigation resulted in a recommendation for punitive action, Deputy Brown would be provided specific allegations and would be entitled to a hearing prior to any discipline other than counseling.

Further, the Notice provided that the investigation would be conducted by Corporal F.N. Ferrell, could lead to punitive action including termination of employment, and that the investigation would be conducted pursuant to W. Va. Code §§ 7-14C-1 through 5[2] (1995) (Repl. Vol. 2015). Moreover, pursuant to the Notice, Deputy Brown was placed on "paid administrative leave during the pendency of this investigation and until further notice." The Notice directed that Deputy Brown was to attend all scheduled court dates, obey all rules and regulations of the Logan County Sheriff's Department, remain at his place of residence from 8:30 a.m. until 4:30 p.m. Monday through Friday unless another location is authorized, respond to phone calls from the Sheriff's office, and be reasonably available for investigative purposes. The Notice provided that Deputy Brown could not exercise any authority or engage in law enforcement. Pursuant to the Notice, Deputy Brown was instructed that he could not contact witnesses or suspects in any matter. Further, he could no longer engage in previously approved secondary employment and was required to surrender all Sheriff's

---

[1]Sheriff Hunter served as Sheriff of Logan County, West Virginia, until January 1, 2013.

[2]W. Va. Code §§ 7-14C-1 to 5 (1995) (Repl. Vol. 2015) establish the procedures for investigating a deputy sheriff regarding any matter that may result in punitive action, the conditions for conducting an interrogation, requirements for providing information about the nature of the investigation, and the requirement for notice of and opportunity for a predisciplinary hearing or certain alternative hearing.

Department equipment. Finally, he was advised that Corporal Ferrell would contact him to schedule all necessary interviews. The Notice offered no information regarding the nature of the allegations of misconduct.

Newly–elected Sheriff, Sonya Porter, took office on January 1, 2013. Toward the end of January 2013, Corporal Ferrell completed his investigation and submitted a report to Sheriff Porter. Corporal Ferrell did not interview Deputy Brown, who remained uninformed of the nature of the allegations of misconduct. At some point, Sheriff Porter received additional complaints of misconduct allegedly committed by Deputy Brown. Deputy Brown was not informed of the additional complaints.

On April 26, 2013, Deputy Brown filed a Petition for Reinstatement with the Commission. The Petition for Reinstatement advanced the position that the Notice of November 9, 2012, amounted to a more than five–month suspension or removal of Deputy Brown as a deputy without providing a statement of the reasons for removal or suspension in violation of W. Va. Code § 7-14-17[3] (1996) (Repl. Vol. 2015). Deputy Brown, among other things, requested that the Commission convene, hold a hearing, and direct the Sheriff to reinstate him. On May 3, 2013, Sheriff Porter filed a response in opposition to the Petition for Reinstatement arguing that the Commission had no authority to direct the return of Deputy Brown to active law enforcement duties as he had not been disciplined but, rather, was on paid administrative leave during an active internal investigation of misconduct. On May 8, 2013, Deputy Brown filed a reply with the Commission asserting that nothing in the relevant statutes authorized a six–month effective removal or suspension styled as administrative leave without providing any information regarding the nature of the complaints or the investigation and without interviewing or interrogating the deputy being investigated. On May 23, 2013, Deputy Brown informed the Commission that if it did not proceed to convene and hold a hearing, he would seek a writ of mandamus before the circuit court in order to compel the hearing.

The Commission did not schedule a hearing. On June 27, 2013, Deputy Brown filed a civil action seeking mandamus relief from the Commission and from Sheriff Porter as respondents. As to the Commission, Deputy Brown sought extraordinary relief in the form

---

[3]W. Va. Code § 7-14-17 (1996) (Repl. Vol. 2015) is part and parcel of the civil service for deputy sheriffs statutes. It provides, in part, that no deputy sheriff may be removed, discharged, suspended, or reduced in rank or pay until furnished with a written statement of reasons and an opportunity for a hearing before the Commission. Among other things, it also provides that the burden of proof at such hearing rests with the sheriff to justify the action and provides for a right of appeal to circuit court.

of an order directing the Commission to convene and hold a public hearing on the Petition for Reinstatement. Deputy Brown sought extraordinary relief as to the Sheriff in the form of an order directing the Sheriff to forthwith pursue and conclude the internal investigation. Thereafter, the circuit court entered separate rules to show cause why the relief should not be granted as to both the Commission and Sheriff Porter. A hearing was held before the circuit court on August 26, 2013, followed by an order of August 29, 2013, wherein the circuit court indicated that Deputy Brown could proceed with his petition directed toward Sheriff Porter without the Commission.[4] The order also directed various actions to be taken regarding the need to appoint commissioners to the Commission.[5] On August 30, 2013, Sheriff Porter filed a motion to dismiss the mandamus action.

In late September 2013, Sheriff Porter advised Deputy Brown that Corporal Mayes would be investigating, contacting Deputy Brown, and conducting an interview/interrogation of Deputy Brown. The interview/interrogation was conducted on October 4, 2013. The internal investigation concluded, and Sheriff Porter issued a Notice of Termination, Statement of Charges, and Notice of a Right to a Hearing[6] on December 16, 2013, some 13 months after Deputy Brown was placed on paid administrative leave and prior to the scheduled hearing before the circuit court of January 27, 2014.

At the January 27, 2014, hearing, the circuit court observed that the filing of the charges by Sheriff Porter rendered the relief requested as to the Sheriff moot and that the court would hold the issue of attorney's fees in abeyance. Nobody appeared at the hearing on behalf of the Commission. On February 7, 2014, the circuit court entered an order, among other things, summarily denying the Sheriff's motion to dismiss. The Commission was ordered to convene a hearing and make a determination of the issues raised in Deputy Brown's Petition for Reinstatement. Further, the Commission was ordered to make a determination of whether the paid administrative leave imposed upon Deputy Brown constituted a suspension or punishment under the statutory scheme and, if so, to determine the appropriate remedy. The order provided that the rulings of the Commission would be appealable to the circuit court. The order reflected that all other matters related to Deputy

---

[4]Subsequent to entry of the August 29, 2013, order, both Logan County Circuit Court judges recused themselves from the mandamus action and the matter was assigned by this Court to the Honorable Robert G. Chafin, Senior Judge.

[5]It appears the Commission was not constituted fully with three members as provided for in W. Va. Code § 7-14-3 (1991) (Repl. Vol. 2015).

[6]The Notice of Termination of December 16, 2013, is not part of the record before this Court.

4

Brown's Writ of Mandamus were held in abeyance.

The Commission proceeded to convene a hearing on April 4, 2014, at which time evidence was taken and testimony elicited.[7] The transcript of the Commission hearing is not part of the record before this Court. On June 19, 2014, the Commission entered an order styled "Logan County Deputy Sheriff's Civil Service Commission Findings of Fact, Conclusions of Law and Final Order." Among other things, the Commission concluded that although not specifically provided for by statute, administrative leave with pay during the pendency of an investigation is within the authority of a sheriff, but the length and scope of the investigation must be reasonable in light of the allegations or complaints of misconduct. The Commission also determined that notice of the allegations must be given to the deputy without delay. Further, the Commission decided that an action of administrative leave with pay must follow the letter and spirit of the statute in terms of scope and reasonableness. The Commission specifically concluded that Deputy Brown was not given notice of the allegations he faced, and the length of Sheriff Porter's investigation exceeded its scope and reasonableness. Accordingly, the Commission ordered that Deputy Brown be reinstated to full duties as a Logan County deputy sheriff. Deputy Brown's counsel was ordered to submit an itemized statement of fees and expenses for consideration and further order of the Commission.

Deputy Brown's counsel submitted an itemized statement. On July 22, 2014, the Commission President sent a letter to the Logan County Commission regarding the invoice in the total amount of $18,293.48. The Commission President represented that the invoice had been reviewed and reduced to exclude work which was directed at the writ of mandamus filed before the circuit court. The letter requested that the Logan County Commission pay the sum of $10,757.48 to counsel for Deputy Brown. The record reflects that payment was made to Deputy Brown's counsel.[8]

---

[7]We observe that while the Commission proceeded as ordered, the matter of discipline was also proceeding on a parallel track as a result of the issuance of the Notice of Termination of December 16, 2013. Deputy Brown exercised his right to a pre-termination hearing before the deputy sheriff hearing board pursuant to W. Va. Code §§ 7-14C-1(4) and 17-14C-3 providing for a hearing board and a pre-disciplinary hearing. The record reflects that, as of June 19, 2014, the hearing board had not rendered a decision. The record does not otherwise indicate the status of any hearing board decision or appeal, if any.

[8]We observe that throughout the proceedings, the Commission has not raised an objection to the payment of attorney's fees. The representations of counsel on the record below are that the payment was made by the Logan County Commission, but did not come from the budget of the Sheriff. Sheriff Porter requests that the payment be disgorged as ultra

On September 8, 2014, Deputy Brown filed a petition for appeal with the circuit court from the Commission order of June 19, 2014, therein raising several errors of fact and of law. Additionally, Deputy Brown appealed the refusal to award the sum of $7,536.00 relating to legal services in connection with the filing of the writ of mandamus. Sheriff Porter filed a motion to dismiss the appeal on the grounds that the Commission order of June 19, 2014, was not final. A hearing was held on April 22, 2015, and an order followed on May 12, 2015, granting Sheriff Porter's motion to dismiss the appeal on the finding that a final order had not been entered. The circuit court ordered Deputy Brown's attorney to submit to the Commission an invoice reflecting "only those fees that are attributable to their work before the [Commission]." The Commission was directed to enter an order "designated 'Final Order' setting forth the exact amount of the attorney fees the Commission awards the Petitioner's attorneys for their work before the Commission." Finally, the circuit court ordered Deputy Brown's counsel to submit an invoice to the court for the court's consideration of legal work and costs related to the mandamus action.

On May 21, 2015, counsel for Deputy Brown filed a motion for attorney's fees and costs together with a memorandum of law. The Sheriff filed a response in opposition primarily arguing that there was no factual or legal basis to enter judgment against the Sheriff and award fees and costs. A reply was filed by counsel for Deputy Brown. A hearing was held on July 16, 2015. During the course of the hearing the circuit court observed, "I am of the opinion that you're entitled to your attorney fees because nothing would have been done it looks like the way things were proceeding there if you had not been required to file your mandamus petition in this matter." The circuit court remarked that the concern was about who to charge the fees to–the Commission or the Sheriff. The circuit court indicated that it wanted a submission with fees separated out as to the Commission and Sheriff Porter. Counsel responded that it could be broken down. The circuit court requested that submission and remarked that there was no need for a further hearing or an order reflecting the hearing as the court would subsequently make a ruling. Following the hearing, on July 17, 2015, Deputy Brown's counsel submitted a segregated itemization of fees and costs.

Subsequently, on November 19, 2015, the circuit court entered an order granting attorney's fees and costs to Deputy Brown. The order set out eighteen paragraphs of findings that reflected the facts and proceedings. The circuit court concluded,

> [t]he Court has reviewed the detailed invoice submitted by Petitioner's attorneys and finds the time and charges to be reasonable and necessary and accordingly hereby Orders that the

---

vires.

6

Logan County Deputy Sheriff Civil Service Commission pay unto Petitioner's counsel the sum of $10,744.22 and that the Sheriff of Logan County pay unto Plaintiff's Counsel the sum of $7,262.22 forthwith.

It is from this November 19, 2015, order that a notice of appeal was filed by Sheriff Porter.

In the interim, between the circuit court hearing of July 16, 2015, and the entry of the November 19, 2015, order, the Commission, as directed to do in the order of May 12, 2015, entered a "Final Order Granting Appellant/Petitioner Fees and Costs" on September 21, 2015. The Commission explicitly adopted and incorporated its previous order of June 19, 2014, which included findings of fact and conclusions of law. The September 21, 2015, order reflected consideration of the invoice of counsel and found it represented reasonable fees in light of time and effort, counsel's professional experience, the nature of the issues, the time and labor required, the necessary skill to litigate, customary fees for similar services, undesirability of the case, and the result obtained. The Commission ordered payment of $10,757.48 to Deputy Brown's counsel.

We recognize that the Commission order of September 21, 2015, is not part of the agreed upon joint appendix in this appeal due to the objection of Deputy Brown who indicates, and as the docket sheet of the mandamus action reflects, the Commission order was not filed with the circuit court in the mandamus action at any time prior to the November 19, 2015, order. It appears that the Commission order was filed only with the Logan County Deputy Sheriffs' Civil Service Commission Clerk. It is represented that Deputy Brown appealed the September 21, 2015, order to the circuit court and that it was given a new and separate administrative appeal case number. It is further represented that Sheriff Porter filed a motion to stay consideration of that appeal pending this Court's determination in the instant matter. The circuit court granted the motion for a stay on April 5, 2016. The September 21, 2015, order was included as part of the notice of appeal.

**Discussion**

W. Va. Code § 58-5-1 (1998) (Repl. Vol. 2012) provides when an appeal lies before this Court:

> A party to a civil action may appeal to the Supreme Court of Appeals from a final judgment of any circuit court or from an order of any circuit court constituting a final judgment as to one or more but fewer than all claims or parties upon an express

7

determination by the circuit court that there is no just reason for delay and upon an express direction for the entry of judgment as to such claims or parties. . . .

Without question, in civil cases, an appeal requires a final judgment. *See* W. Va. R. App. Proc. 5. Although we agree with the characterization of the underlying action as procedurally convoluted, when the proceedings are considered in step-by-step fashion as laid out above, it is quite plain that there is no final order of the circuit court adjudicating any of the merits of the litigation. The circuit court must make determinations as to the issues presented in the first instance.

Sheriff Porter requests that, among other things, this Court hold as a matter of law that paid administrative leave during the course of an investigation into the alleged misconduct of a deputy sheriff does not constitute discipline or punishment under the deputy sheriff civil service statutes. Yet, the circuit court made no ruling whatsoever on this question of law. Additionally, Sheriff Porter seeks a holding that the Commission has no jurisdiction over internal investigative activities of deputy sheriffs by the sheriff and that the Commission has no jurisdiction whatsoever over the procedure for investigation and pre-disciplinary hearings of deputy sheriffs as established in W. Va. Code §§ 7-14C-1 through 5 (1995) (Repl. Vol. 2015). Yet, again, the lower court has never issued an order making any findings or conclusions on these issues. Sheriff Porter seeks a determination that the circuit court had no jurisdiction to issue writs of mandamus directed at either the Commission or the Sheriff. We find no order of record where the circuit court analyzed, addressed, or determined these issues.

The order of November 19, 2015, issued a conclusory sentence regarding the necessity and reasonableness of attorney's fees. We are being asked to determine the appropriateness of attorney's fees in a vacuum. We cannot possibly assess the appropriateness of the attorney's fees when we are unable to determine if the litigation itself was appropriate. What findings of fact and conclusions of law supported the award of attorney's fees? The November 19, 2015, order did not incorporate the findings or conclusions of law of either the Commission order of June 19, 2015, (which the circuit court concluded was not a final order) or the September 21, 2015, order of the Commission which the circuit court appears not to have had before it.

We consider the state of the holding below and the record before us as analogous to the situation in *Baker v. Gaskins*, 124 W. Va. 69, 19 S.E.2d 92 (1942), wherein we held that a writ of error to an order of the trial court, to which no objection or exception has been taken, should not be awarded and instead be discharged as having been improvidently awarded. Specifically, this Court held: "An order of a trial court rendering judgment for

8

costs alone but not adjudicating the merits of a case is not a final judgment, to which a writ of error will lie. Such defect is jurisdictional and should be considered by the appellate court *ex mero motu*." Syl. pt. 2, *id.* We conclude that the merits of the mandamus action have not been adjudicated by the circuit court.

Based upon the foregoing, we find that the circuit court order of November 19, 2015, is not a final order constituting an adjudication of the merits. Accordingly, we find that the petition for appeal was improvidently docketed, and we order this matter be, and it hereby is, dismissed and stricken from the docket of this Court and remanded to the Circuit Court of Logan County, West Virginia, for further proceedings as the parties and the circuit court deem necessary and appropriate. Finally, the Clerk of the Court is directed to issue the mandate contemporaneously with this opinion.

Dismissed.

ISSUED:     April 12, 2017

CONCURRED IN BY:

Chief Justice Allen H. Loughry, II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker