# CHARLESTON

RITCHIE COUNTY BANK *v.* BEE *et al.*

Submitted June 20, 1906.    Decided October 23, 1906.

1. ERROR, WRIT OF—*Final Judgment—Necessity.*

In an action before a justice on a note, on appeal to the circuit court, the jury finds "for the defendant" and the court overrules as well a motion to set aside the verdict and award a new trial as a motion in arrest of judgment, and renders judgment alone for costs, but renders no judgment adjudicating the matters in difference between the parties litigant, a writ of error will not lie, for want of a final judgment. (p. 388.)

2. SAME—*Jurisdiction of Supreme Court.*

In such case the appellate court has not jurisdiction to extend the judgment into a final judgment in favor of the defendant in order to pass upon the alleged errors of the court in the trial of the case. (p. 389.)

Error to Circuit Court, Mason County.

Action by the Ritchie County Bank against E. L. and R. J. Bee. Judgment for defendants, and plaintiff brings error.

*Dismissed.*

FREER & ROBINSON, for plaintiff in error.

S. A. POWELL, DUTY & FIDLER, and HOMER ADAMS, for defendants in error.

McWhorter, President:

This is a writ of error from a judgment of the circuit court of Ritchie county rendered on the 1st day of February, 1906. Action was brought upon a note for $204.00 against E. L. Bee and R. J. Bee before a justice of said county who rendered judgment against the defendants for the amount of the note sued for with its interest, from which judgment Rebecca J. Bee appealed to the circuit court. In the circuit court a jury was empanelled in the case and returned a verdict for the defendant; a motion by the plaintiff to set aside the verdict of the jury and grant plaintiff a new trial was overruled as was also a motion in arrest of judgment, to which rulings of the court the plaintiff objected and excepted. The judgment of the circuit court in the case, after the said rulings of the court and the exceptions of the plaintiff, was: "Therefore it is considered by the Court that the said defendant, Rebecca J. Bee, do recover of and from the said plaintiff, Ritchie County Bank, a corporation, her costs in this suit expended, and her costs before the justice expended." The plaintiff in the course of the trial took two bills of exceptions numbered 1 and 2 respectively to the various rulings of the court.

At the threshold of the case we are met with the contention that there is no final judgment rendered in the case upon which the writ of error and *supersedeas* to the judgment could be founded, the same being simply and solely a judgment for costs and no adjudication of the matters in difference between the parties litigant. · If this fact is established the writ of error and *supersedeas* must be dismissed as improvidently awarded. ·

"A reviewable final judgment or decree must be finally determinative of the controversy to the aggrievement of the person claiming review."—5 Cur. Law, 134; *Tipton* v. *Harris*, (Ky.) 82 S. W. 585. To be appealable "A judgment must be complete and certain in itself, and must appear to be an adjudication of the court and not a memorandum. The form of the judgment is immaterial. * * * But, in substance, it must show intrinsically and distinctly, and not inferentially, that the matters in the record have been determined in favor of one of the litigants, or that the rights of the parties in litigation have been adjudicated."—2 Cyc. 614.

"A judgment which merely awards costs to the defendant, without more, is not a final judgment. In order to have that character, it must profess to terminate and completely dispose of the action. Hence, if for the defendant, the final judgment must state that he is dismissed without day, or that it is considered that the plaintiff take nothing by his suit, or otherwise refer to the disposition made of the subject-matter."—1 Black on Judgments, par. 31. And the author in the same section, citing *Scott* v. *Burton*, 6 Tex. 322, 55 Am. Dec. 782, proceeds to say that while the form of the judgment is immaterial it must show intrinsically and distinctly, and not inferentially, that the matters in difference between the parties in litigation had been adjudicated; that costs are a mere incident or appendage to the judgment and generally recoverable by the victor in the contest. "But, as an incident, they cannot be substituted for the principal; and a judgment for the recovery is not a decision of the matter at issue; and it is therefore no such final judgment as can, by law, come within the revisory power of the court."

Not only the great weight of authorities have settled this matter as to the finality of the judgment in this case, but it is well settled by the rulings of this Court. It is insisted by counsel for plaintiff in error that " Sections 173, 114 and 53, of the Code, chapter 50, tell how judgments are to be entered, and said chapter controls, as the common law has been abolished as to justice's case, and for this we have the authority of the case of *Davis* v. *Trump*, 43 W. Va. 193." And cite Hutchinson's West Virginia Treatise, page 117, form 54. It is true this form of Hutchinson's supports the contention of the plaintiff in error, but the form there given is not authorized by the statute nor by the authorities. There must be an adjudication of the differences between the litigants and a judgment simply for costs does not so adjudicate. In *Corley* v. *Corley*, 53 W. Va. 142, it is held in the Syllabus: "An order, entered on the verdict of a jury on an issue out of chancery, that the defendant merely recover costs of the plaintiff, is not a final judgment, decree or order, giving the right to appeal." And the same volume, page 82, *Hannah* v. *Bank*, is a case exactly in point, where it is held, Syllabus, point 2: " In a trial of right of property originating in a justice's court under section 152, Code, chapter 50,

on appeal to the circuit court, the verdict finds the property to be the property of the claimant, and the court overrules a motion to set aside the verdict, and gives judgment for costs, but renders no judgment touching possession of the property. No writ of error lies for want of a final judgment." And in 2 Cyc. 616 (b): "A writ of error or appeal will not lie from the verdict of a jury without an entry of judgment thereon, nor from the finding of facts or conclusions of law by the court not followed by judgment. Hence, the opinion of the court, no order being entered in accordance therewith, is not reviewable."

Counsel for plaintiff in error, in their brief, ask this Court if it should hold that the judgment is not a final judgment that the same "be extended to a finality here; and so extended, the Court proceed to determine the error or lack of error in the case. If the Court cannot do this we ask that we do not lose the benefit of our appeal, but that the circuit court be required to correct its judgment." To extend the judgment here as requested would be to assume the prerogative of the circuit court and to decide the merits of the case for or in advance of the circuit court. The judgment is a judgment for costs only which is within the province of that court to render, but as it has not adjudicated the questions in difference or at issue between the litigants this Court has not the jurisdiction to pass upon it. Upon the dismissal of the writ of error here the case goes back to the circuit court for adjudication of the questions of difference between the litigants. The writ of error must be dismissed as improvidently awarded.

*Dismissed.*