# CHARLESTON

## DeArmit v. Town of Whitmer.

Submitted June 13, 1907.    Decided January 14, 1908.

1. Justice of the Peace—*Appeal*—*Trial De Novo.*

Upon an appeal from the judgment of a justice the case is tried *de novo*, the judgment of the justice in no way enters into the

consideration of the case upon the trial. When the appeal is enter-
tained the judgment is no longer of any force.   (p. 303 )

2.  Writ of Error—*Final Judgment.*
    A judgment which merely awards costs to the defendant without
    more is not a final judgment.  In order to have that character it
    must profess to terminate and completely dispose of the action.
    Hence, if for the defendant, the final judgment must state. that
    he be dismissed without day, or that it is considered that the plain-
    tiff take nothing by his suit, or otherwise refer to the disposition
    made of the subject-matter.  (p. 302.)

Error to Circuit Court, Randolph County.

Action by A. DeArmit against the town of Whitmer.
Judgment for defendant, and plaintiff brings error.
      *Writ of Error and Supersedeas Dismissed.*

Samuel T. Spears, for plaintiff in error.
J. Wm. Harman, for defendant in error.

McWhorter, Judge:

This was an action brought by A. DeArmit against The
Town of Whitmer, a municipal corporation, before a justice
in the county of Randolph to recover the sum of one hun-
dred dollars and interest, which he had on the 16th day of
February, 1905, paid into the treasury of said town under
the provisions of an ordinance thereof requiring such pay-
ment on application made by said plaintiff to said town on
receiving a certificate of authority issued to him to enable
him to procure from the county court of said county a
license to sell at retail in said town spirituous liquors, &c.
The second section of said ordinance provided in what sec-
tion of the town saloons, when licensed, should be located.
Section 3 is as follows:    "For each and every license, to
sell spirituous liquors, ale, wines, beer, and drinks of like
nature, at retail, within the corporate limits of the Town of
Whitmer, there shall be paid into the treasury of said town,.
the sum of five hundred dollars.

Each and every application for such license as described in
the foregoing law, shall be accompanied by a forfeit of one
hundred dollars, as a guarantee of good faith on the part of
said applicant that he will use due diligence to secure a li-
cense upon the certificate of authority issued to him by said
town.   Said sum of one hundred dollars to be returned to

him, if, after complying with all the requirements of law, and this ordinance, he be refused a license by the county court. If said applicant succeed in securing said license, said sum of one hundred dollars shall be deducted from the full amount to be paid for said license, as provided in the foregoing law."

On April 20, 1905, plaintiff applied to the common council of the town of Whitmer, then in session, to return to him the one hundred dollars so paid by him, he not having procured from the county court the license to be applied for and for which he had taken from the said council a certificate of permission to lay before the county court. On the 27th of April, 1905, the council of said town, then in session for the purpose of considering plaintiff's application for the return of said sum of money, refused to return the same for the reason then assigned that applicant had not used due diligence to get his license. The justice rendered judgment for plaintiff for $108.22, the said sum with its interest, with interest thereon from June 29, 1906, the date of judgment. The defendant appealed from said judgment to the circuit court of Randolph county.

On the 11th day of September, 1906, the parties appeared by their counsel and waiving a jury submitted the cause to the court in lieu of a jury upon an agreed statement of facts, which statement is made a part of the record. Upon consideration whereof the court found in favor of the defendant and rendered judgment as follows: "Therefore it is considered by the Court that the judgment entered in this cause by the justice be reversed and that the defendant recover its costs both in this Court and before the justice expended." To which action of the court the plaintiff objected and excepted. From this judgment a writ of error and *supersedeas* were granted the plaintiff.

The first question to be disposed of is whether there was a final judgment entered from which a writ of error would lie. "A judgment which merely awards costs to the defendant, without more, is not a final judgment. In order to have that character, it must profess to terminate and completely dispose of the action. Hence, if for the defendant, the final judgment must state that he is dismissed without day, or that it is considered that the plaintiff take nothing

by his suit, or otherwise refer to the disposition made of the subject matter."—1 Black on Judgments, sec. 31, and authorities there cited.  By the judgment rendered in this case it does not appear that the matter in difference was disposed of.  The judgment in terms reverses the judgment of the justice, which is not brought to the circuit court either for reversal or affirmance.  A case on appeal from the judgment of a justice is tried *de novo*, the judgment does not enter into the consideration of the case in any way.  When the appeal is entertained the judgment of the justice is ended. It will be seen that the judgment here for review is simply and only a judgment for the costs of the defendant in the circuit court and the justice's court.  In *Hanna* v. *Bank*, 53 W. Va. 82 (Syl. pt. 2), it is held: "In a trial of rights of property originating in a justice's court under section 152, Code, chapter 50, on appeal to the circuit court, the verdict finds the property to be the property of the claimant, and the court overrules a motion to set aside the verdict, and gives judgment for costs, but renders no judgment touching possession of the property.  No writ of error lies for want of a final judgment."  And in 2 Cyc. 616 (b): "A writ of error or appeal will not lie from the verdict of a jury without an entry of judgment thereon, nor from the finding of facts or conclusions of law by the Court not followed by judgment.  Hence, the opinion of the court, no order being entered in accordance therewith, is not reviewable."

A case exactly in point is *Ritchie County Bank* v. *Bee*, 60 W. Va. 386, which was an action on a note and the jury rendered a verdict "for the defendant."  The court overruled a motion to set aside the verdict and award a new trial, and also overruled a motion in arrest of judgment, and rendered judgment for costs but rendered no judgment adjudicating the matters in difference between the parties litigant.  *Held:* a writ of error would not lie for want of a final judgment.

For the reasons herein stated the writ of error will be dismissed as improvidently awarded.

*Writ of Error and Supersedeas Dismissed.*