# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### EATON v. MOORE AND OTHERS.

November 17, 1910.

Absent, Cardwell, J.

1. DECLARATION—*Sufficiency—Conclusion of Law—Indefiniteness—Case at Bar.*—A declaration which states that the defendant was in the possession of dynamite caps, known by him to be dangerous, and that he so negligently stored them on his premises that the plaintiff, an infant three years of age, got possession of them, and in some way, without his fault, the caps were exploded and the plaintiff's eyes put out, does not state a cause of action against the defendant. The allegation of negligent storing is a conclusion of law, without the proper statement of the facts, and the allegation as to the manner in which the plaintiff obtained possession of them, and how the injury was inflicted, is too indefinite and uncertain.

2. DECLARATION—*Sufficiency—Allegations of Fact—Definiteness.*—The declaration, in an action at law, must allege material facts sufficient to show a complete right of action in the plaintiff. The facts must, moreover, be distinctly and not inferentially alleged, and must be set forth with definiteness and certainty. Courts cannot supply by intendment averments which the pleader has failed to make.

Error to a judgment of the Circuit Court of Rockingham county in an action of trespass on the case. Judgment for the defendants. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*C. A. Hammer* and *J. B. Stephenson*, for the plaintiff in error.

*Conrad & Conrad*, for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

This writ of error is to a judgment for defendants on demurrer to the amended declaration. The declaration alleges in substance that the defendants, J. S. Moore and W. C. Switzer, were the owners of certain dynamite caps, easily exploded and very dangerous, which they had stored in an open out-house located in the yard surrounding and close to the tenant's house of the defendant Moore, which was occupied by the plaintiff and his father, who was tenant and employee of Moore; that the defendants knew of the dangerous character of the caps in question, and it was their duty to store them in a safe and suitable place where they could not be reached, handled, taken possession of, or exploded by children of tender years living upon the premises of Moore, as was the plaintiff, and who did not know of their dangerous character, and were incapable of protecting themselves. Nevertheless, the defendants so wantonly, negligently and carelessly stored the caps in the open out-house that the "plaintiff who was then an infant of the age of three years * * * * got possession of the same, and in some way, while in possession, and without any fault on the part of the plaintiff, the said caps were exploded, which did great injury in and about the eyes of said plaintiff, which injury * * * * resulted in his becoming totally blind."

In the view which we take of the case it is not necessary for us to follow counsel in their discussion of the law touching turn-tables and attractive nuisances to children. That subject, however, was very fully considered in the recent case of *Walker* v. *Potomac, &c., R. Co.*, 105 Va. 226, 53 S. E. 113, 4 L. R. A. (N. S.) 80, 115 Am. St. Rep. 871, where Judge Buchanan in an able opinion declined to follow the line of decisions known as "The Turn-Table Cases," of which *Sioux City R. Co.* v. *Stout*, 17 Wall. 657, 21 L. Ed. 745, furnishes a conspicuous illustration. In the Walker case the court laid

down the general principle, that "A land owner does not owe to a trespasser the duty of having his land in a safe condition for such trespasser to enter upon, and this rule applies as well to infants as to adults."

We may pause also to observe that in the cases of *Richmond, &c., Ry. Co.* v. *Moore's Admr.*, 94 Va. 493, 27 S. E. 70, 37 L. R. A. 258, and *Clark* v. *Fehlhaber*, 106 Va. 803, 56 S. E. 817, 13 L. R. A. (N. S.) 442, cited by the plaintiff in error, the plaintiffs were not *trespassers* but *invitees* upon the defendants' premises, to whom they owed a higher degree of duty.

In the instant case the declaration is inherently defective. Thus, it alleges that the dynamite caps were improperly stored in the out-house, which is a mere conclusion of the pleader, without stating the facts upon which it is founded. If the manner in which the caps were stored had been averred, it might have disclosed that the defendants were guilty of no actionable negligence with respect to them. Nor does the declaration contain any allegation as to how the caps came into the plaintiff's possession. The charge is that by reason of the caps being improperly stored and exposed, the child got possession of them. But whether this possession was acquired from the out-house by the unaided effort of the child, or through some other agency, is altogether conjectural. The possession may have been just as easily obtained through a source for which the defendants were in no way responsible. An adult, for instance, may have possessed himself of the caps and delivered them to the child, or else laid them down in an exposed place where they were found and thus came into his possession, in either of which events there would have been an intervening efficient cause for which the defendants were not answerable in damages.

The averment as to how the injury to the child was brought about is, if possible, still more indefinite than the allegation

as to the means whereby the caps came into his possession; the allegation being, that "in some way, while in his possession, without any fault on the part of the plaintiff, the said caps were exploded." The declaration does not aver that the plaintiff exploded the caps, nor does it show that they were exploded by any agency for which the defendants were responsible. In other words, every averment of the declaration may be true, and yet there may be no liability whatever resting on the defendants.

It is an elementary rule of pleading that the declaration must allege material facts sufficient to show a complete right of action in the plaintiff. The facts must, moreover, be distinctly and not inferentially alleged, and must be set forth with definiteness and certainty. The courts cannot supply by intendment material averments which the pleader has failed to make.

In *Chesapeake & Ohio Ry. Co.* v. *Hunter*, 109 Va. 341, 64 S. E. 44, it was held, that "It is not sufficient for a declaration to allege negligence in a general way (for to do so is only to state the pleader's conclusions of law from undisclosed facts), but it must aver the act of negligence relied on with reasonable certainty, and show that such act constitutes the efficient and proximate cause of the injury."

For these reasons we are of opinion that there is no error in the judgment complained of, and it must be affirmed.

*Affirmed.*