𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

STRADER V. METROPOLITAN LIFE INSURANCE COMPANY.

September 16, 1920.

1. PARTIES—*Insurance Policy—Action by Beneficiary Who Was Legatee—Personal Representative Not a Party—Case at Bar.*— Plaintiff was the sole beneficiary of a policy of insurance by virtue of the assignment of one-half of the policy to her in the lifetime of the insured with the consent of the insurance company, and by the bequest to her of the other half of the policy by the insured, but it does not follow from that fact or from the further fact that the testator died free of debts, that she was the complete owner of the policy. The legal title to the one-half of the policy bequeathed to plaintiff by testator did not pass to plaintiff in consequence of that bequest, but passed to the personal representative of testator; consequently, the right of action to recover this one-half interest in the policy was in such personal representative and not in plaintiff.

2. EXECUTORS AND ADMINISTRATORS—*Personal Property Passes to Personal Representative.*—Goods, chattels and sums of money to legatees, all pass to the executor, and he has them in the nature of trustee. He alone has title in law to them, and nothing passes to the legatee; nor can any legatee take anything bequeathed to him without the executor's assent.

3. EXECUTORS AND ADMINISTRATORS—*Legatees—Action by Legatee Without Assent of Personal Representative.*—As personal property goes to the personal representative, a legatee cannot maintain an action at law to recover his legacy without the representative's assent. Whatever may be the allegations made with respect to the indebtedness of a decedent, or however true they may be, a debtor of his estate has the right to demand that the person seeking to collect from him shall either be the personal representative of the decedent, or else has duly derived his authority to collect the debt from such representative.

4. PARTIES—*Insurance Policy—Action by Beneficiary Who Was Legatee—Personal Representative Not a Party—Case at Bar.* —In an action upon an insurance policy, plaintiff, the assignee of one-half of the policy, in her declaration alleged the death of insured, owing no debts, after making a will duly probated,

bequeathing unto the plaintiff the other half of the policy of insurance, "whereby" the "plaintiff became, and is, the sole beneficiary under the said policy, and the complete owner thereof."

*Held:* That the allegations in the declaration admitted to be true by demurrer thereto, did not justify the conclusion that the plaintiff, as a part of the process of acquiring complete ownership in the other one-half of the policy sued upon, had secured the assent of the personal representative to the legacy, nor that the assent of the personal representative could be presumed from plaintiff's possession of the policy.

5. PARTIES — *Executors and Administrators — Legatee — Action by Legatee With Consent of Executor.*—A personal representative in due course of administration may turn over to a legatee the specific thing bequeathed to him, thereby completing the title of such legatee to the legacy, and affording him the right to bring an action at law concerning the same.

6. DECLARATION—*Sufficiency—Title to Insurance Policy—Case at Bar.* —While it is not necessary in a pleading to state that which is merely matter of evidence, a declaration must state the plaintiff's case, either in detail, or by sufficient general allegations. In the instant case, plaintiff was content to rest her claim to complete ownership of the insurance policy upon the indorsement of the company, the bequest of the testator, and the allegation that he died free of debt, without an allegation in general terms that plaintiff was the sole beneficiary of the policy and the complete owner thereof, or an allegation of the qualification of a personal representative, and the subsequent turning over by him of the policy to the plaintiff, as the legatee entitled thereto. The court was thereby limited in determining whether, upon the precise facts alleged and admitted to be true, the plaintiff was the complete owner of the policy, and entitled thereby to maintain an action at law. Clearly she was not.

7. EXECUTORS AND ADMINISTRATORS—*Parties—Action by Beneficial Owner—Section 2860, Code of 1904.*—Section 2860 of the Code of 1904, providing that the assignee or beneficial owner of a chose in action might maintain an action thereon in his own name, was not intended to overthrow the well-established principle and rule of law that, in case of death, the personal estate of the decedent passes "to the personal representative, and that he alone has title in law to them," and to afford to a legatee the right to bring an action at law to collect a debt belonging to the estate of the testator, without first deriving title from the personal representative.

8. DEMURRERS—*Sustaining Demurrer—Leave to Amend.*—The lower

court sustained a demurrer to the declaration in an action by a legatee of an insurance policy against the insurance company and dismissed plaintiff's action without prejudice to a suit in equity.

*Held:* That while there was no error in the action of the trial court in sustaining the demurrer, leave to amend, if desired, should have been given. If by proper amendment plaintiff can state a case upon the facts entitling her to maintain an action at law, the opportunity to make such amendment should be afforded.

Error to a judgment of the Circuit Court of Giles county in an action of assumpsit. Judgment for defendant. Plaintiffs assign error.

*Affirmed in part and remanded.*

The opinion states the case.

*W. B. Snidow,* for the plaintiff in error.

*Jackson & Henson* and *Bernard Mason,* for the defendant in error.

SAUNDERS, J., delivered the opinion of the court.

The plaintiff in error in this court was the plaintiff in the trial court, and the defendant in error was the defendant. Hereinafter they will be respectively referred to as the plaintiff and the defendant.

The record in the case is a very brief one, and the question presented for review in this court is the ruling of the circuit court of the county of Giles upon the defendant's demurrer to the plaintiff's declaration. Before taking up the questions of law on the demurrer, a brief resume of the facts will be given.

In 1913, one Fred B. Tabor took out a policy of life insurance with the Metropolitan Life Insurance Company of New York, for the sum of two thousand dollars. This sum

was payable to his estate in the event he should die before the maturity of the policy. Later the policy was returned to the company, and by its endorsement on the back of the same it was provided that one thousand dollars of the total sum should be paid to Lou L. Strader, an aunt of the policy holder. In June, 1919, Tabor died, leaving a will in which he bequeathed to his aunt, the said Lou Strader, the remaining one-half of the policy. Thereupon the aunt, being entitled to collect one-half of the policy by virtue of the company's assignment, and claiming the other half as legatee of his estate, made demand upon the insurance company for the full amount of two thousand dollars. Payment being refused, the claimant brought an action of assumpsit against the company to enforce collection, filing the policy with her declaration. To this declaration the defendant demurred, assigning the following grounds of demurrer:

First: "The right of action to recover the one-half interest in the policy that was payable to the estate of Fred B. Tabor is in the personal representative of the said Tabor, and not in the plaintiff."

Second: "One-half of the sum which may be recovered on the policy having been assigned by Fred Tabor in his lifetime to the plaintiff, the other one-half remaining in the said Tabor, or his estate, an action at law cannot be maintained by the plaintiff to recover on this policy at all, the remedy of the plaintiff being in equity."

The circuit court sustained the demurrer and dismissed the plaintiff's action, "without prejudice to a suit in equity." To this judgment of the court a writ of error was allowed and a supersedeas awarded by one of the judges of this court.

[1, 2] The plaintiff assigns as error the ruling of the court sustaining the demurrer. She cites the allegations of her declaration, admitted to be true by the demurrer, to the effect that the testator died free of debt, and insists

31

that she was the sole beneficiary of the policy and the complete owner of the same. Hence, her contention that she was entitled to bring an action at law. It is true that the plaintiff was the sole beneficiary of the policy by virtue of the endorsement of the company and the bequest of the testator, but it does not follow from that fact, or from the further fact, admitted by the demurrer, that Tabor died free of debt, that upon the allegations of her declaration she was the complete owner of the policy. The legal title to the one-half of the policy bequeathed by Tabor did not pass to the plaintiff in consequence of that bequest.

"Goods, chattels and sums of money to legatees, all pass to the executor, and he has them in the nature of a trustee. He alone has title in law to them, and nothing passes to the legatee; nor can any legatee take anything bequeathed to him without the executor's assent." See cases cited in a note to the case of *McClanahan's Adm'r* v. *Davis and others,* 8 How. 168, 12 L. Ed. 1034.

This is the general doctrine relating to the personal estate of a decedent. Title to such estate passes to the personal representative, and to maintain an action at law by another, that title must be derived from such representative. This may be done in several ways.

Under the head of Title to Chattels by Testament and Administration, Mr. Minor makes the following statement of the law: "At a decedent's death, the whole of his personal property, with trivial exceptions, goes either to his executor, or personal representative. The heir, or devisee, succeeds to his realty, wherein at his death the decedent had an estate of freehold, or of inheritance, whilst all other property vests in the personal representative." 3 Min. Inst., p. 526.

[3] It is true that the personal representative takes on the three trusts indicated by Mr. Minor, but nevertheless

he takes, and the title to and lawful possession of the personal property of the decedent must be derived from him. Whatever may be the allegations made with respect to the indebtedness of a decedent, or however true they may be, a debtor of his estate has the right to demand that the person seeking to collect from him shall either be the personal representative of the decedent, or else has duly derived his authority to collect the debt from such representative.

In the case of *Hairston* v. *Hall*, 3 Call. (7 Va.) 218, the legatees of Sarah Hall brought an action of detinue for certain slaves, without having secured the assent of the personal representative to the legacy. On behalf of the plaintiffs the effort was made to distinguish the case from those falling under the general rule requiring the assent of the personal representative, on the ground that the possession of the slaves, in the first instance, by the father of the plaintiffs, was in his own right, under the will of Sarah Hall. The court overruled this contention, holding that the judgment of the trial court should be reversed on the ground that "it did not appear that there had been any assent of the executor to the legacy."

[4, 5] The contention is advanced in the instant case that the allegations of the declaration (admitted to be true by the demurrer) sufficiently charged that the plaintiff was the complete owner of the chose in action sued upon, and by necessary implication imported that the personal assent of the personal representative had been secured.

The allegations of the declaration in this connection are as follows: "And the said plaintiff says that after the making of the said policy, as aforesaid, by the said defendant, to-wit: on the ——day of June, 1919, the said Frank B. Tabor departed this life, owing no debts, and after making a will which has been duly probated in the clerk's office of Giles county, wherein and whereby, he did leave and be-

queath unto the said plaintiff the other one-half of the said policy of insurance, and whereby she, the said plaintiff, became, and is, the sole beneficiary under the said policy, and the complete owner thereof."

So far from these allegations justifying the conclusion that the plaintiff, as a part of the process of acquiring complete ownership in the other one-half of the policy sued upon, had secured the assent of the personal representative of Fred B. Tabor to the legacy, they expressly exclude such a conclusion. In view of the language cited, it is manifest that the plaintiff rested her claim of complete ownership to one-half of the chattel solely upon the ground that the testator owed no debts, and had bequeathed that half to her. The conclusion of law which she deduced from her allegations of fact was erroneous. If the plaintiff had averred the assent of the personal representative to the legacy, the declaration would have been good on demurrer, since it is perfectly competent for the personal representative, in the due course of administration, to turn over to a legatee the specific thing bequeathed to him, thereby completing the title of such legatee to the legacy, and affording him the right to bring an action at law concerning the same. The language cited also precluded the conclusion that the assent of the personal representative could be presumed from the plaintiff's possession of the policy. The plaintiff derived her claim of complete ownership from the facts set out in her declaration. If her conclusion of law was correct, there was no need to presume anything from her possession of the policy; if that conclusion was improperly derived, then there was nothing before the court from which any sufficient presumption from possession could be raised.

[6] The plaintiff in error also insists, in order to maintain her declaration, that it was not necessary for that pleading "to show the derivation of her title," and cities authority to that effect. It is well established law that it

is not necessary, in a pleading, to state "that which is merely matter of evidence." But a declaration must state the plaintiff's case, either in detail, or by sufficient general allegations. In the instant case, the declaration neither alleges in general terms that the plaintiff was the sole beneficiary of the policy, and the complete owner thereof, nor sets out in detail the qualification of a personal representative of Fred B. Tabor, and the subsequent turning over by him of the policy to the plaintiff, as the legatee entitled thereto. The plaintiff was content to rest her claim to complete ownership of the policy upon the endorsement of the company, the bequest of the testator, and the allegation that he died free of debt. The court was thereby limited to determining whether, upon the precise facts alleged and admitted to be true, the plaintiff was the complete owner of the policy, and entitled thereby to maintain an action at law. Clearly she was not.

[7] The plaintiff in error further contends that she was entitled to bring her action under section 2860 of the Code, which provides that "the assignee, or beneficial owner, of any bond, note, writing, or other chose in action, not negotiable, may maintain thereon in his own name, any action which the original obligee, payee, or contracting party, might have brought," and so forth. This section is a very useful remedial statute, but obviously it was not intended to overthrow the well established principle and rule of law, that, in case of death, the personal estate of the decedent passes "to the personal representative, and that he alone has title in law to them," and to afford to a legatee the right to bring an action at law to collect a debt belonging to the estate of the testator, without first deriving title from the personal representative.

[8] This court finds no error in the action of the trial court in sustaining the demurrer to the plaintiff's declaration, but leave to amend, if desired, should have been given.

If by proper amendment the plaintiff can state a case upon the facts entitling her to maintain an action at law, the opportunity to make such amendment should be afforded. The judgment of the Circuit Court for Giles county, to the extent that it held that the plaintiff's declaration did not state a case at law, was a proper finding and is affirmed, but this case is remanded to said court for such further action as will conform to the conclusions announced in this opinion.

*Affirmed in part and remanded.*