STATE *Ex Rel.* BURLEY MILLER *v.* GORDAN A. BAKER and NATIONAL SURETY CO.

(CC 451)

Submitted November 4, 1931.     Decided November 17, 1931.

*Hager & Glenn,* for plaintiff.
*E. F. Scaggs* and *John Chafin,* for defendants.

HATCHER, JUDGE:

The sufficiency of a plea in abatement is presented to us on this certification. The circuit court overruled a demurrer to the plea.

This is an action in debt. The declaration in brief alleges that plaintiff was confined in jail; that while there the defendant Baker, who is a member of the department of public safety of West Virginia, "did converse with the plaintiff" (purpose and subject of conversation not specifically alleged) and assault him and that Baker and defendant, National Surety Company, the surety on Baker's official bond (which is set forth), are liable to plaintiff for the assault.

The plea in abatement filed by Baker, charges a variance between the summons and the declaration, in that the summons is in debt and the declaration states a trespass. It is settled practice to sue in debt for a breach of an official bond. Hogg's Pl. and Forms, sec. 54. The law contemplates that when the bond is breached, a debt is thereby created in favor of the injured party. *Reynolds* v. *Hurst,* 18 W. Va. 648, 650. Consequently, allegations of the breach—in this case the assault—are proper to show the creation of the debt, and do not change the nature of the action. There is accordingly no variance between the writ and the declaration, and the demurrer to the plea should have been sustained.

The court certifies that the defendant contends that debt will not lie in this case, as the damages are not liquidated. This contention does not relate to the sufficiency of the plea in abatement, but to that of the declaration. The sufficiency of the declaration is not before us and any discussion thereof

would be obiter. We refer the defendant, however, to *Sangster* v. *Commonwealth,* 17 Gratt. 124, a leading case on his contention.

The ruling of the circuit court on the plea is reversed and the case remanded.

*Reversed and remanded.*