PAULINA FOSTER, *Administratrix, etc. v.* NEW YORK CENTRAL RAILROAD COMPANY *et al.*

(No. 7921)

Submitted October 31, 1934. Decided December 18, 1934.

*Dillon, Mahan & White* and *Leroy Allebach,* for plaintiffs in error.

*Love & Love,* for defendant in error.

Litz, Judge:

Plaintiff, Paulina Foster, as administratrix of the estate of her husband, Frank Foster, deceased, recovered a judgment of $6,000.00 against New York Central Railroad Company, for the death of decedent alleged to have been caused by the negligence of defendant.

The deceased was fatally injured in Fayette County, April 12, 1933, about seven-thirty A. M., in attempting to urge his cow from the railroad track of defendant in view of an approaching passenger train. The cow was struck by the engine and violently hurled against him while the train was traveling 28 to 30 miles an hour. The trainman did not attempt to stop or reduce the speed of the train. In the vicinity of the accident, the railroad, Gauley River and a public road are substantially parallel and in close proximity to each other, the railroad being between the river and the highway. C. E. Chapman, the only eye witness for plaintiff, testified that the deceased was driving the cow in the public road when she suddenly entered upon the track about 150 feet (five or six rail lengths) ahead of the train; that she then walked down the track 20 or 25 feet facing the train, closely followed by deceased striking at her with his cane in his left hand and waiving his right hand toward the train; that at the time of the impact, the front feet of the cow were outside the rail nearer the highway and her rear feet be-

tween the rails; and that deceased was standing at the end of the ties, 24¾ inches from the rail next to the public road. The engineer of the train testified that he first observed the cow in the public road 20 or 25 feet in front of Foster about 150 feet from the train; that she suddenly turned toward the track when she was 75 or 80 feet from the train, but, owing to the curvature of the track, he was unable thereafter to see either the cow or the driver. The fireman testified that he first observed the cow in the center of the public road about 150 feet from the train when she turned toward the track, but did not see her again until after she was struck, and never observed Foster. The engineer and fireman also testified that the train could not have been stopped, after the discovery of the cow, within less than 600 feet, while a former locomotive engineer, testifying on behalf of plaintiff, expressed the opinion that it could have been brought to a standstill within 90 or 100 feet.

Assuming that the engineer was negligent in failing to stop or reduce the speed of the train, the deceased, in our opinion, was guilty of contributory negligence barring recovery on behalf of his estate. He met death by voluntarily placing himself virtually in the path of the approaching train. One injured in an effort to save property endangered by the negligence of another is not guilty of contributory negligence, if, under the circumstances, an ordinarily prudent person would have incurred the risk (45 C. J. 968-9), but no one should be permitted to recover for injuries sustained in attempting to rescue mere property in the face of obvious danger such as no reasonably prudent man would, under the circumstances, incur. 20 R. C. L. 133. In *Eckert* v. *Long Island Railroad Co.*, 43 N. Y. 502, where damages were sought for the death of one struck and killed by a train of the defendant while he was rescuing a child from the track, the court said: "The evidence showed that the train was approaching in plain view of the deceased, and had he for his own purposes attempted to cross the track, or with a view to save property placed himself voluntarily in a position where he might have received an injury

from a collision with the train, his conduct would have been grossly negligent, and no recovery could have been had for such injury. * * * The law has so high a regard for human life that it will not impute negligence to an effort to preserve it, unless made under such circumstances as to constitute rashness in the judgment of prudent persons. For a person engaged in his ordinary affairs, or in the mere protection of property, knowingly and voluntarily to place himself in a position where he is liable to receive a serious injury, is negligence, which will preclude a recovery for an injury so received; but when the exposure is for the purpose of saving life, it is not wrongful, and, therefore, not negligent, unless such as to be regarded either rash or reckless." In *Morris* v. *Lake Shore & M. S. Ry. Co.*, 148 N. Y. 182, 42 N. E. 579 (an action to recover damages for the death of a person killed by a railroad train while he was attempting to drive his cattle across the track), the court, answering the contention of plaintiff that the decedent was justified in placing himself in a position of danger to rescue his property from injury or destruction, stated: "We think the principle contended for cannot be sustained. In *Eckert* v. *Railroad Co.*, 43 N. Y. 502, it was in effect held that a person could not place himself in a situation of danger simply for the protection of his property without being guilty of such negligence as would preclude his recovery." For an interesting and able discussion of the subject, see *Hunter's Administrator* v. *C. & O. Ry. Co.*, 4 Virginia Law Register (N. S.) 253, in which it was held that the plaintiff's decedent, who was killed by a train of defendant while he was endeavoring to remove his automobile from the track, was guilty of contributory negligence as a matter of law.

The judgment of the circuit court is reversed, the verdict of the jury set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*