J. E. JONES *v:* THE VIRGINIAN RAILWAY COMPANY

(CC 517)

Submitted February 19, 1935. Decided March 16, 1935.

*Maxwell, Sayre & Bowers,* for plaintiff in error.
*Leroy Allebach* and *I. L. Hark,* for defendant in error.

WOODS, JUDGE:

This case is here on certificate, the circuit court of Raleigh county having overruled a demurrer to the declaration and each count thereof.

Plaintiff seeks a recovery for personal injuries and damage to his automobile due to having been struck by one of defendant's trains, about 4:30 o'clock, on the morning of October 3, 1931. An hour prior, plaintiff, in an endeavor to avoid collision with another automobile approaching from opposite direction, ran his automobile off the highway, landing on the track over which defendant operated its trains, at a point other than a crossing. The highway was a little higher in elevation than the track, and paralleled the latter at about 20 to 30 feet. The point on the track where plaintiff's car stopped could be seen a distance of 800 yards by trains approaching from either direction. Plaintiff, on seeing one of defendant's trains approaching, left the automobile, which he was endeavoring with the aid of a wrecking truck to extricate from its position of peril, and ran forward on said track, with a blazing newspaper in his hand, for the purpose of attracting

defendant's attention, and protecting his automobile from further injury.

The first count, without averring any further facts or any particular duty, charges that the defendant, by its servants and employees "so carelessly, negligently and improperly behaved and conducted itself in and about the management and control of said engine and railroad cars" that the train was driven against plaintiff and the latter's automobile. The second and third counts are drawn on the theory that the defendant owed a duty (1) to keep a lookout, and (2) to maintain an adequate light, respectively, for purpose of discovering the presence on the track of the plaintiff and his property.

The averment that the plaintiff was making an effort to prevent injury to his automobile shows that he was fully conversant with the fact that the train was approaching, and in the absence of an averment showing some good reason for not leaving the track, amounts to an admission that he was contributorily negligent and not entitled to recover for injuries to his person. We recently held in *Foster* v. *Railway Co.,* 115 W. Va. 682, 177 S. E. 871, that there can not be a recovery for injuries sustained by one in attempting to rescue property in the face of obvious danger such as no reasonably prudent person would, under the circumstances, incur. One's duty for his own self-protection involves the making of reasonable use of his senses under the penalty of forfeiture of recovery for resulting injuries. 3 Elliott on Railroads (3d Ed.), 910, sec. 1814. As stated by Judge Litz: "Assuming that the engineer was negligent in failing to stop or reduce the speed of the train, the deceased, in our opinion, was guilty of contributory negligence barring recovery on behalf of his estate. He met his death by voluntarily placing himself in the path of the approaching train."

Now with respect to the automobile. It was certainly no fault of the railroad that it came onto the track. The company had no reason to expect it at such place. It seems to us, therefore, that defendant should be required to exercise no greater duty to discover its presence on the track than accorded a

trespasser, or licensee. A railroad, under our decisions, is under no duty ór obligation to be actively diligent in providing against danger or accident to a mere licensee on its tracks or right of way. *Spicer* v. *Railway Co.*, 34 W. Va. 514, 12 S. E. 553; 3 Elliott on Railroads (3d Ed.) 833, sec. 1788. There is no statute in this state requiring the defendant to maintain a lookout, ór lights, at such places. *Melton* v. *Railroad Co.*, 64 W. Va. 168, 61 S. E. 39; 3 Elliott on Railroads (3d Ed.) 854, sec. 1795. "It always has been, and still is, a general rule in pleading, that whatever facts are necessary to constitute the cause of action should be directly and distinctly stated in the declaration, and such facts should not be left to be inferred from other facts distinctly alleged in the declaration, and arguments, inferences, and matters of law, should be excluded." *Burton* v. *Hansford,* 10 W. Va. 470, 27 Am. Rep. 571.

We must therefore reverse the ruling of the circuit court and sustain the demurrer to the declaration.

*Ruling reversed; demurrer sustained.*