STATE *ex rel.* CLARENCE H. KOONTZ, STATE TAX COMMISSIONER, *Etc.* ·

*v.*

WILLIAM BASCUM SMITH, *Et Al.*

(No. 10171)

Submitted January 17, 1950. Decided February 7, 1950.

*Burns Stanley*, Assistant Attorney General, *Edwin Mc-Clelland,* for plaintiff in error.

No appearance in person or by counsel for defendant in error.

Fox, Judge:

This is an action in debt instituted by the State of West Virginia at the relation of Clarence H. Koontz, State Tax Commissioner, for the use and benefit of the County Court of Wayne County, against William Bascum Smith and The New York Casualty Company, a corporation, to recover certain moneys alleged to have been appropriated and illegally received by William Bascum Smith, as excess salary as a commissioner of the County Court of Wayne County, amounting to $50.00 per month, for the months of March, 1943, to December, 1944, both inclusive, aggregating the sum of $1,100.00. The amount sued for is $1,500.00.

The defendant, William Bascum Smith, was elected a commissioner of the County Court of Wayne County for the term beginning January 1, 1939, and ending December

31, 1944, and served in that capacity for the full term. At the beginning of his term he executed an official bond for the faithful performance of the duties of his office, with The New York Casualty Company as his surety. The defendants in this action are sued as principal and surety.

At the beginning of the term of William Bascum Smith, aforesaid, the salary of a commissioner of the County Court of Wayne County was fixed by statute at $75.00 per month. On March 2, 1943, by Chapter 22, Acts of the Legislature, Regular Session, 1943, the salary of a Commissioner of the county court of said county was increased to $125.00 a month, and the act was made effective from its passage. Thereafter, the defendant was paid $50.00 each month as an increase of the salary which existed at the time of his original qualification as such county commissioner, and was so paid for each month from March, 1943, until December, 1944, both inclusive.

On March 24, 1947, this action was instituted in the Circuit Court of Wayne County, and the declaration filed on that day, and process issued made returnable to April Rules, 1947. The action was instituted by the State Tax Commissioner under the provisions of Code, 11-8-30. The declaration set up the official bond aforesaid and alleged as a breach thereof the use of public funds to pay the increased salary of $50.00 per month for the term aforesaid, which was alleged to be in violation of Section 38 of Article VI of the Constitution of this State. Separate demurrers were filed to the declaration by William Bascum Smith and The New York Casualty Company, a corporation. Later, the action having been transferred to the Circuit Court of Cabell County, in which court the demurrer of William Bascum Smith was filed, that court, on November 26, 1947, sustained both demurrers and entered an order on January 10, 1948, making its decision on the demurrers effective. On December 6, 1947, plaintiff filed an amended declaration to which there were filed separate demurrers on the part of each of the defendants, and on January 15, 1949, these demurrers were sustained. We have not detailed the allegations of the declaration, or the grounds of the demurrers, for the reason that the

course this case must take makes the same inadvisable at this time.

We have thus briefly outlined the proceedings taken in the action in the courts below, and now come to the last order entered therein on the 15th day of January, 1949, which reads:

"This cause came on again this day to be heard upon the separate demurrers of the defendants, William Bascum Smith and The New York Casualty Company, to Plaintiff's amended declaration, in which plaintiff joined, and further upon the memoranda of law of the respective parties and arguments of counsel thereon, and the Court, having maturely considered the several matters and issues of law arising on the said pleadings, is of the opinion to and doth sustain the defendant's separate demurrers to plaintiff's amended declaration in accordance with the Court's letter opinion dated December 15, 1948, for the same reasons as set out in the Court's written opinion of November 24, 1947, heretofore made a part of the record herein. To the action of the Court in sustaining said demurrers to the amended declaration, plaintiff objects and excepts."

It will be observed that this order does nothing more than sustain the demurrers to the amended declaration. There was no final judgment dismissing the action. While not provided for in the order, plaintiff, as a matter of right, could have amended, and may still amend, his declaration. The order so entered did not amount to a final judgment in the case, and, except in cases otherwise provided for by statute, the entry of a final judgment in a law action is a prerequisite to the consideration of the case in this Court on writ of error. In equity the rule may be somewhat different where a decree settles the principles of the cause. Code, 58-5-1.

In 1 Michie's Jurisprudence 526, it is stated:

"No writ of error lies in any case at law until after final judgment has been rendered in the trial court And this rule is not affected by statute, except in West Virginia, where it is provided

that, in any civil case where there is an order granting a new trial or rehearing, an appeal may be taken from the order without waiting for the new trial or rehearing to be had."

In the case of *State ex rel. Taylor and State ex rel. Edgar B. Sims* v. *Townshend*, 127 W. Va. 817, 34 S. E. (2d) 748, we held:

"A writ of error will be dismissed as improvidently awarded where it does not appear that a final judgment was rendered by the trial court."

In support of that statement there was cited in that opinion the cases of *Hannah* v. *Bank*, 53 W. Va. 82, 44 S. E. 152; *DeArmit* v. *Town of Whitmer*, 63 W. Va. 300, 60 S. E. 136; *Ritchie County Bank* v. *Bee, et al.*, 60 W. Va. 386, 55 S. E. 380; *Epstein* v. *Totten*, 63 W. Va. 602, 60 S. E. 614; *Bower* v. *Virginian Railway Co.*, 68 W. Va. 629, 70 S. E. 369; and *Baker* v. *Gaskins*, 124 W. Va. 69, 19 S. E. (2d) 92.

In view of the situation disclosed by the record, there being no final order, it follows that the writ of error granted in this case, on May 23, 1949, must be dismissed as improvidently awarded, and the case remanded to the Circuit Court of Cabell County for such proceedings as the parties in interest may be advised to take, and it is so ordered.

*Writ of error dismissed as improvidently awarded; case remanded.*