STATE *ex rel.* CLARENCE H. KOONTZ, *Tax Commr.*

*v.*

WILLIAM BASCUM SMITH, *et al.*

(No. 10308)

Submitted September 26, 1950. Decided November 14, 1950.

GIVEN, JUDGE, dissenting.

*Burns Stanley,* Assistant Attorney General, *King S. Kearns,* Special Assistant Attorney General, for plaintiff in error.

*Thomas S. Moore,* for defendant in error.

FOX, JUDGE:

This is an action in debt instituted by the State of West Virginia at the relation of Clarence H. Koontz, State Tax Commissioner, for the use and benefit of the County Court of Wayne County, against William Bascum Smith and The New York Casualty Company, a corporation, to recover certain moneys alleged to have been appropriated and illegally received by William Bascum Smith, as in-. creased salary as a Commissioner of the County Court of Wayne County, amounting to $50.00 per month, for the months of March, 1943, to December, 1944, both inclusive, aggregating the sum of $1,100.00. Such sums were allegedly appropriated and received by the said William Bascum Smith under the supposed authority of Chapter 22, Acts of the Legislature, Regular Session, 1943, increasing the salary of a Commissioner of the County Court of Wayne County from $75.00 per month to $125.00 per month. It is alleged in the declaration, filed in the action, that such action on the part of the said Smith was in direct violation of the provisions of Section 38, Article VI of the Constitution of this State, which, among other things, provides that: "* * * Nor shall the salary of any public officer be increased or diminished during his term of office. * * *"

The defendant, William Bascum Smith, was elected a Commissioner of the County Court of Wayne County for a term beginning January 1, 1939, and ending December 31, 1944, and served in that capacity for the full term. At the beginning of his term he executed an official bond for the faithful performance of the duties of his office, with The New York Casualty Company as his surety, and

the defendants in this action are sued as principal and surety. The conditions of the bond so executed read as follows:

"The condition of this obligation is such: That, Whereas the above bound William Bascum Smith was duly elected to the office of County Commissioner of the County of Wayne, State of West Virginia for the term of six years beginning on January 1, 1939, and ending on January 1, 1945, and until his successor shall be duly elected or appointed and qualified.

"Now, if the said William Bascum Smith shall faithfully perform his official duties as such County Commissioner, then this obligation to be void and of no effect; otherwise to be and remain in full force and effect."

At the beginning of his term as commissioner, his salary as such was fixed by statute at $75.00 per month. On March 2, 1943, by Chapter 22, Acts of the Legislature, Regular Session, 1943, the salary of a commissioner of the county court of said county was increased to $125.00 per month, and the Act was made effective from passage. Thereafter, the defendant was paid $50.00 each month as an increase of the salary which existed at the time of his original qualifications as such county commissioner, and was so paid for each month from March, 1943 until December, 1944, both inclusive, which payments he accepted. It is a fair legal presumption that he participated, along with the other members of the county court, in the use of public funds of the County of Wayne in a manner prohibited by the Constitution of this State, and it is certain that he accepted the same and used them for his own purpose. We are unable to separate the two acts.

On March 24, 1947, this action was instituted in the Circuit Court of Wayne County, the declaration filed on that day, and process issued made returnable to April Rules, 1947. The action was instituted by the State Tax Commissioner under the provisions of Code, 11-8-30. The declaration, by way of inducement, avers the election and qualification of the defendant Smith to the office afore-

said, and the execution of the official bond aforesaid, and alleges as a breach of the conditions thereof, the use of public funds to pay to said defendant Smith the increased salary of $50.00 per month for the period aforesaid, which was alleged to be in violation of Section 38 of Article VI of the Constitution of this State. On July 14, 1947, an order was entered in the Circuit Court of Wayne County transferring the said action to the Circuit Court of Cabell County, and following. the transfer to the latter court, separate demurrers were filed to the declaration by the defendants, which demurrers were, on November 26, 1947, sustained, with leave to amend, and an order entered on January 10, 1948, making such ruling on said demurrers effective. A written opinion was filed stating reasons for the court's ruling, which opinion was made a part of the record. On December 6, 1948, plaintiff filed an amended declaration to which there were filed separate demurrers on the part of each of the defendants, and on January 15, 1949, these demurrers were sustained, for the same reasons given in the rulings on the original declaration, but the action was not dismissed, and there was no final order in the case. Later, a writ of error to said order, sustaining said demurrers, was granted by this Court, but on hearing on said writ in this Court, when it was discovered that there had been no such final order, said writ of error was dismissed as having been improvidently awarded. See *State ex rel. Koontz* v. *Smith,* 133 W. Va. 635, 57 S. E. (2d) 532. The case was remanded to the Circuit Court of Cabell County for such proceedings as the parties in interest might be advised to take, and on remand, the plaintiff declining to further amend his declaration, a final order was entered in the action that the plaintiff recover nothing against the defendants, which, as we construe it, amounted to a final order in the action in favor of the defendants and against the plaintiff. This order was entered on May 6, 1950, and on July 3, following, we granted this writ of error.

There having been an amended declaration filed in the case, and it being sufficient in itself without resorting to

the original declaration, we will treat the action as pending upon the amended declaration. This, it appears, is the proper procedure. See *Love* v. *Virginia Power Co.,* 86 W. Va. 393, 103 S. E. 352; *Gasper* v. *Construction Co.,* 134 W. Va. 576, 60 S. E. (2d) 193, decided June 20, 1950.

The defendants, in their demurrers, each asserted, as a ground therefor, that an action of debt will not lie for the recovery of money on a bond with collateral conditions, contending that an action of covenant or assumpsit was the proper remedy therefor. As this contention goes to the very right to maintain the action, we think it proper to dispose of it at this time. We think the contention cannot be maintained. Code, 55-8-2, provides that: "An action of debt or assumpsit may be maintained on any note or writing, whether sealed or not, by which there is a promise, undertaking, or obligation to pay money, if the same be signed by the party who is to be charged thereby, or his agent. * * *" The obligation on the part of Smith and his surety was, in the event of Smith's breach of duty as commissioner of the county court, to pay a certain sum of money, and it is settled law that an action of debt always lies for the recovery of a fixed and specific sum of money, even though the same might be recovered in an action of covenant, or in an action of assumpsit. Hitherto, we have not heard called in question the right to maintain an action of debt on a sealed instrument for the payment of money, or for that matter any other instrument by which a promise is made to pay a specific sum of money. Aside from the statute, and what we understand to be the universal practice in this State, we think the right to maintain an action of debt on the bond herein is supported by *Reynolds* v. *Hurst,* 18 W. Va. 648; and *State ex rel. Miller* v. *Baker,* 111 W. Va. 302, 161 S. E. 564.

The amended declaration assumes to file as an exhibit therewith the official bond, and the demurrer thereto filed by the Casualty Company sets this up as a ground of demurrer. It is true that an exhibit filed with a declaration may not be used in aid thereof, but, in our opinion, the declaration, without the exhibit, sufficiently alleges

a cause of action, and, therefore, the attempted filing of an exhibit therewith may be treated as surplusage.

When we examine the amended declaration, filed in the case, we find it alleged that at the time Smith entered upon the duties of his office, he was entitled, under the law, to receive as compensation for his service the sum of $75.00 per month, and that one of the obligations of his bond was that he should honestly account for all money that would come into his hands in his official capacity during his term of office. It then alleges the following:

"Yet notwithstanding the premises the said William Bascum Smith received illegally, unlawfully and improperly out of the public moneys of the said County of Wayne, by reason of the illegal, unlawful and improper payments to him by the action and authority of the said William Bascum Smith, and the other County Commissioners of the said County Court of Wayne County, in these, to-wit, the following particulars and instances, that is to say: * * *."

Then follows allegations that specific sums of $50.00 a month were paid to him from March, 1943, to December, 1944, both inclusive, as increased salary, aggregating the sum of $1,100.00. This is followed by an allegation that by reason of the breaches of bond an action had accrued to plaintiff to demand from the said defendants the sum of $1,100.00, with interest from the 30th day of December, 1944, and an allegation that the said sums had not been paid.

In the demurrers to the amended declaration, filed by William Bascum Smith and by the Casualty Company to the said declaration, it alleged that: "No cause of action is stated in said amended declaration against this defendant." There are other grounds of demurrer assigned some of which go to the merits of the case.

It will be observed that the amended declaration does not allege that the defendant Smith wilfully received public moneys of the County of Wayne, but it is alleged he did so illegally, unlawfully and improperly. The grave

question with which we are now confronted is whether the failure to allege wilful conduct on the part of Smith made the declaration subject to demurrer. One of the best definitions of the word wilful is the following: "Intending the result which actually comes to pass; design; intentional; not incidental or involuntary." Black's Law Dictionary, Third Edition, 1848.

The real basis of plaintiff's action will be found in Sections 25, 26, 29 and 30 of Article 8, Chapter 11 of the Code. These Sections read as follows:

Section 25: "Boards or officers expending funds derived from the levying of taxes shall expend the funds only for the purposes for which they were raised."

Section 26: "A local fiscal body shall not expend money or incur obligations:

(1) In an unauthorized manner;

(2) For an unauthorized purpose;

(3) In excess of the amount allocated to the fund in the levy order;

(4) In excess of the funds available for current expenses."

Section 29: "A person who in his official capacity wilfully participates in the violation of sections twenty-five and/or twenty-six of this article shall be personally liable, jointly and severally, for the amount illegally expended."

Section 30: "A person who in his official capacity wilfully participates in an illegal expenditure may be proceeded against for the recovery of the amount illegally expended. The political subdivision concerned, a taxpayer of the subdivision, the state tax commissioner or a person prejudiced may bring the proceeding.

"All moneys recovered in these proceedings shall be paid into the treasury of the proper fiscal body and credited to the proper fund.

"If the plaintiff prevail, he shall recover against the defendant, the costs of the proceedings, including a reasonable attorney's fee to be fixed by the trial court and included in the taxation of costs."

It will be observed that under Sections 29 and 30, quoted above, personal liability of an officer is based upon his wilful participation in an illegal expenditure, and, so far as we know, the right of the State Tax Commissioner to institute an action to recover money illegally expended depends entirely upon Section 30, quoted above. That section authorizes such an action on the part of the State Tax Commissioner only where there has been wilful participation in an illegal expenditure. It seems to us that the very heart of the charge on which an official may be made personally liable for an illegal expenditure is wilful conduct on his part, and that without such conduct there can be no recovery. If this be true, it then follows, we think, and as a matter of course, that such an important element of plaintiff's case must be alleged in the declaration, and that without such allegation of wilful conduct, in respect to expenditures under attack, there can be no recovery. We think that it is vital to plaintiff's case and must be pleaded in the declaration.

It may be contended that the defendant Smith could not have participated in these alleged illegal expenditures of county funds, and in receiving the same, without having intended to do so, and that by inference or by implication the declaration charges wilful conduct on his part. But, the courts do not seem to accept this theory. In 8 Digest, Virginia and West Virginia Reports, 185, it is stated: "Whatever facts are necessary to constitute the cause of action should be directly and distinctly stated in the declaration, and such facts should not be left to be inferred from other facts distinctly alleged in the declaration, and arguments, inferences and matters of law should be excluded." And further: "The facts alleged in the declaration must be distinctly and not inferentially alleged. Courts can not supply by intendment averments which the pleader has failed to make." Cited in support

of the first proposition is *Burton* v. *Hansford,* 10 W. Va. 470; and *Strader* v. *Metropolitan Life Ins. Co.,* 128 Va. 238, 105 S. E. 74. And in support of the latter statement is *Eaton* v. *Moore,* 111 Va. 400, 69 S. E. 326. In *Jones* v. *Railway Co.,* 116 W. Va. 201, 179 S. E. 71, this Court held: "It. is a general rule that whatever facts are necessary to constitute the cause of action should be directly and distinctly stated in the declaration, and such facts should not be left to be inferred from other facts distinctly alleged therein, and arguments, inferences and matters of law should be excluded."

We are of the opinion that the point raised in the two demurrers to the amended declaration aforesaid, to the effect that the said declaration fails to state a cause of action, sufficiently raises the question of the alleged defect in plaintiff's declaration in failing to allege wilful acts on the part of the defendant Smith in what is alleged to be the illegal expenditures of public moneys belonging to the County of Wayne. The demurrers were not sustained and the action dismissed in the trial court on account of this defect in the declaration, but should have been. The court in an opinion, made a part of the record, assigned different grounds for sustaining the demurrers to the declaration, which grounds went to the merits of the controversy. But the question of the sufficiency of the declaration on the ground of failure to allege wilful acts is fairly presented on the record, and we think this Court cannot escape the duty of passing thereon, and requiring such action as will correct the failure to make the allegations necessary to create liability under the statutes under which this action was instituted. In our opinion, the trial court, instead of passing on the merits of the case, in effect, should have sustained the demurrers to the amended declaration upon the grounds that no wilful breach of duty on the part of Smith had been alleged in the declaration, and that such an allegation was absolutely necessary to constitute the charge for which the statute provided a remedy of personal liability. Had it done so, leave to amend, if exercised, would have per-

mitted the court to rule on the merits of the case, under a good declaration.

The trial court sustained the demurrers to plaintiff's amended declaration on grounds which do not appear to this Court to have been valid, although, as indicated above, we think the demurrers should have been sustained for other reasons. The trial court having sustained the said demurrers on grounds set out in its opinion, it is quite apparent that the declaration could not have been amended to meet the objections stated in said opinion, and it is, therefore, understandable why plaintiff declined to amend. On the other hand, had the demurrers to the amended declaration been sustained on grounds of failure to allege the wilful and illegal expenditure of public funds, the declaration could have been amended, and it would have been error to sustain the demurrers without leave to amend. The error of the trial court in sustaining the demurrers, for what this Court believes to be unsound reasons, had the effect of making unavailing the amendment of plaintiff's declaration so as to charge wilful conduct on the part of the defendant Smith, and thereby making the declaration state the cause of action.

In this situation, we think the ends of justice will be served by reversing the ruling of the Circuit Court of Cabell County in sustaining the demurrers to the amended declaration on the grounds stated in the opinion filed by it in the case, and made a part of the record; and remanding the case to said court for such further proceedings as may properly be had in the premises, which, in this Court's opinion, would involve sustaining the demurrers to the said declaration on the grounds hereinbefore discussed with, of course, the right to amend, and the right to further proceed in the case to the end that the same may be heard upon its merits.

We do not think it proper to discuss, in this opinion, the grounds upon which this Court believes the demurrers to the amended declaration were sustained for invalid reasons. To do so would be to discusss the merits of the case

in advance of the filing of a declaration which states a good cause of action. Furthermore, in expressing our views on the action of the trial court in sustaining, on the grounds relied upon by it, the demurrers to the amended declaration, we do not mean to foreclose all questions which may arise upon a trial of the case as the same may be hereafter developed. We think it wise to reserve our final decision on those questions until a declaration is filed, or amended, so as to state a good cause of action, to the end that the merits of the controversy may be determined under such circumstances as will result in a final determination of the rights of the parties.

We, therefore, reverse the ruling of the Circuit Court of Cabell County in sustaining the demurrers to plaintiff's amended declaration on the grounds stated by the said court in its written opinion filed by it, and made a part of the record; and we remand the case to the Circuit Court of Cabell County to be further dealt with in accordance with the principles of law applicable to the case, as the same have been indicated in this opinion.

· *Reversed and remanded.*

GIVEN, JUDGE, dissenting:

I agree with the proposition of law stated in Point 3 of the syllabus, and with the final conclusion of the majority, but believe that the declaration alleges facts which clearly establish that the sums sued for were received wilfully by the defendant, William Bascum Smith. The majority opinion, as I read it, holds that the declaration is demurrable for the reason that the word "wilful", used in the statute, is not used in the declaration.

The declaration alleges that the defendant, while acting as commissioner of a county court, "failed and neglected to pay and receive to himself only such monthly salary as was provided by law"; that the amount paid by him as such commissioner to himself as an individual over and above his salary was $1,100.00, and that the same was so paid and received by forty-three separate monthly or semi-monthly orders, the amount of the monthly pay-

ments being $125.00 instead of $75.00, each order being specifically described and numbered in the declaration; and such payments were "illegal, unlawful and improper." In my opinion these allegations sufficiently show that defendant "wilfully" participated "in an illegal expenditure" of public money. Assuming the allegations to be true, as we must on demurrer, the actions of defendant could not have been otherwise than wilful.

The cases relied upon in the majority opinion merely hold that such a pleading must state every fact essential to the cause of action. I agree, of course, that that is necessary. Here, however, the question is not whether a fact essential to a cause of action is absent, but whether a fact essential to the cause of action may be alleged in language other than that used in the statute. Code, 56-4-37, provides that "on a demurrer (unless it be to a plea in abatement), the court shall not regard any defect or imperfection in the declaration or other pleading, whether it has heretofore been deemed misleading or insufficient pleading or not, unless there be omitted something so essential to the action or defense that judgement, according to law and the very right of the cause, cannot be given. * * *" Great liberality in a pleading should prevail under this statute. In *Grass* v. *Development Co.*, 75 W. Va. 719, 722, 84 S. E. 750, it is stated, at page 722:

> "The sufficiency of a declaration indefinitely stating a good cause of action can not, with us, be tested by demurrer, but only by a demand for a bill of particulars containing a more specific statement of the cause imperfectly averred as the basis for recovery. Sec. 46, ch. 130, Code; *Clarke* v. *Railroad Co.*, 39 W. Va. 733, 742; *Transportation Co.* v. *Oil Co.*, 50 W. Va. 612; *Jacobs* v. *Williams*, 67 W. Va. 377, 380; *Gartin* v. *Coal & Coke Co.*, 72 W. Va. 405. * * *"

And further on the same page:

> "* * * For, while the rules of good pleading require certainty in the averment of the material facts relied on, only such circumstantial accuracy is necessary as will reasonably afford notice of

what is intended to be proved. Certainty to a common intent is all that is required. If intelligible to a person of ordinary understanding, and sufficient to afford him, the court and the jury the means of determining what is intended, the pleading is sufficient. Moreover, in respect of matters peculiarly within the knowledge of defendant, he can not be heard to complain, unless the averments are so uncertain as not to disclose the essential elements of the cause of action he is required to answer, or are so vague and indefinite that they can not be said to state any cause of action sufficient to warrant a recovery. * * *"

In 41 Am. Jur., Pleading, Section 65, it is stated:

"The common-law rule that pleadings are to be construed most strongly against the pleader is abrogated in many jurisdictions by statutory provisions or rules of practice which specifically provide that in the construction of any pleading, for the purpose of determining its effect its allegations should be liberally construed with a view of substantial justice between the parties. Contrary to the common-law rule, under the rule of liberal construction every reasonable intendment and presumption must be made in favor of the pleader, and the pleading must be fatally defective before it will be rejected as insufficient, it being the controling purpose under the operation of this rule to try all questions on their merits."

Moreover, I cannot agree that Code, 11-8-30, is the only statute vesting the State Tax Commissioner with authority to institute an action of this nature. Article 9 of Chapter 6 of the Code, derived from Chapter 33, Acts of the Legislature, 1908, authorizes the office of chief inspector and supervisor of public offices and makes the State Tax Commissioner, ex officio, the holder of that office. Section 7 of the Chapter and Article of the Code above referred to, after providing for examination into all financial affairs of every public office of the State, provides, in part:

"* * * If any such examination discloses misfeasance, malfeasance or nonfeasance in office on the part of any public officer or employee, a certi-

fied copy of the report shall be filed with the proper legal authority of the taxing body for such legal action as is proper in the premises. Refusal, neglect, or failure on the part of the proper legal authority of the taxing body to take prompt and efficient legal action to carry into effect the findings of any such examination, or to prosecute the same to a final conclusion, shall give to the chief inspector the right to institute the necessary proceedings, or to participate therein, and to prosecute the same in any of the courts of the State, to a final conclusion."

In this connection it must be noted that both the original and amended declarations filed in this action allege that the State Tax Commissioner sues for the use and benefit of the County Court of Wayne County after that body failed and neglected "to authorize the Prosecuting Attorney of Wayne County to institute these proceedings against the defendants, * * *". If then, this action be brought under this statute, I cannot believe that the element of wilfulness need be present.

For these reasons, I respectfully dissent.